**In re William BURKHART, Debtor.**

**Bankruptcy No. BK–88–03993–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

Oct. 18, 1988.

Lyle R. Nelson, of Jones, Blaney & Williams, Oklahoma City, Okl., for Tandy.

Leroy Powers, Oklahoma City, Okl., for debtor.

## ORDER DENYING MOTION TO RECONSIDER

PAUL B. LINDSEY, Bankruptcy Judge.

On September 28, 1988, Tandy Computer Leasing ("Tandy"), a creditor in this bankruptcy case, filed its "Motion to Reconsider," requesting that this court reconsider its order granting discharge to debtor. In support of its motion, Tandy asserts that since it had timely filed a complaint under 11 U.S.C. § 523 prior to the granting of the discharge, it was "inappropriate for the Court to issue its Order discharging the debtor." Tandy urges the court to "withdraw its Order, or modify the same to expressly provide that the indebtedness of Tandy is not discharged until such time as Tandy's complaint can be heard on the merits."

Tandy's motion correctly states that its complaint, in Adversary Proceeding 88–0357, was filed pursuant to 11 U.S.C. § 523, seeking to except from debtor's discharge certain indebtedness allegedly owed by debtor to Tandy. The complaint does not seek the denial of a discharge to debtor, and makes no reference to 11 U.S.C. § 727, under which denial of a discharge may be appropriate. In these circumstances, the filing of the motion points up the confusion and lack of understanding which exists, in the bar and elsewhere, as to the differences in effect between an action seeking an exception to discharge under § 523 and an objection to discharge under § 727. The former merely involves a determination as to whether a particular debt is included within a debtor's discharge, while the latter requires a determination of whether the debtor should be granted a discharge at all.

Bankruptcy Rule 4004(a) requires that a complaint objecting to debtor's discharge under § 727(a) be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). Rule 4004(c) requires that in a Chapter 7 case, as here, the debtor be granted a discharge "forthwith" upon expiration of the time fixed for filing a § 727(a) complaint, unless such a complaint has been filed, the debtor is not an individual, or the debtor has filed a waiver of discharge.

Inasmuch as no § 727(a) complaint was filed within the requisite period in this case, and neither of the remaining exceptions set out in Rule 4004(c) is applicable, the court's granting of debtor's discharge was mandatory, and clearly not "inappropriate," as Tandy contends.

Further, it is neither necessary nor appropriate that the discharge order be modified as Tandy requests. As is noted above, a § 523 complaint, such as that filed by Tandy, has no effect whatever upon the right of a debtor to a discharge. It simply seeks an exception from that discharge for the particular indebtedness to which it relates. Moreover, the discharge order entered, conforming to Official Form No. 27, as required by Bankruptcy Rule 4004(e), releases debtor from *dischargeable* debts; voids any judgment obtained in any court other than this court as a determination of the personal liability of debtor with respect to debts dischargeable under § 523, debts determined by this court to be discharged under § 523 and, *unless heretofore or hereafter determined by order of this court to be nondischargeable*, debts alleged to be excepted from discharge under 11 U.S.C. §§ 523(a)(2), (4) and (6).

It is clear from the foregoing that Tandy's alleged debt has not been discharged by the order entered in this case and that the effect of such order on the alleged debt will not be determined until Tandy's § 523 complaint has been resolved. Should Tandy prevail, at trial or otherwise, the debt so

established will be excepted from the discharge. Conversely, should debtor prevail, any debt owed to Tandy to which the complaint relates will be discharged in its entirety. These results will obtain without any modification to the discharge order already entered.

In view of the apparent lack of understanding of the distinctions between §§ 523 and 727 and the imprecision with which complaints under one or the other of such sections are drawn, the court feels compelled to make certain observations. First, although many creditors seek to invoke both §§ 523 and 727 in their complaints, it is this court's experience that factual circumstances under which both provisions would be applicable are rare. Most § 523(a) actions are based upon actions taking place before the petition was filed, typically involving only the debtor and the complaining creditor. Complaints under § 727, conversely, more frequently arise from debtor's conduct affecting creditors in general, in connection with the bankruptcy case itself, and such conduct may occur either before or after the filing of the petition. In spite of the distinction between the two provisions, it is unfortunately quite common for creditors' counsel to assert in their complaints fact supportive only of an action under § 523, but to request alternative or additional relief under § 727. Such a prayer for relief, even though without any argueable basis in fact or law, has the effect of denying debtor a discharge as to *any* of his debts until such time as the complaint is amended or adjudicated, and constitutes an unjustified denial to debtor of a timely "fresh start." Bankruptcy Rule 4004(c) was designed to insure to debtors this basic concept of bankruptcy policy, and its purpose is frustrated by these "scatter-gun" complaints..

Creditors and their counsel instituting actions requesting the denial to debtor of any discharge under § 727, without any legal or factual basis for such request, should be cognizant of the provisions of Bankruptcy Rule 9011 and the penalties and sanctions which may, and in some instances must, be imposed for violations of that rule.

In view of the foregoing, the Motion to Reconsider filed by Tandy on September 28, 1988 should be denied.