**In re: Kenneth Scott NELKIN, Teresa Kay Nelkin, Debtors.**

**Bankruptcy No. 92–21242–7.**

United States Bankruptcy Court, D. Kansas.

Jan. 21, 1993.

Bruce E. Strauss, Robin L. Rusconi, Kansas City, MO, Scott B. Haines, Mission, KS, for debtors.

Timothy J. Sear, Overland Park, KS, trustee.

John Foulston, Wichita, KS, U.S. Trustee.

Sharon L. Stolte, Overland Park, KS, for Midland Bank.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the January 6, 1993 hearing on the motion of Kenneth Scott Nelkin and Teresa Kay Nelkin (hereinafter "debtors") for immediate discharge of debtors. The debtors appeared in person and by and through their attorneys, Bruce E. Strauss, Robin L. Rusconi, and Scott B. Haines. Midland Bank of Overland Park (hereinafter "creditor") appeared by and through its attorneys, Sharon Stolte and Edward Embree. The United States Trustee appeared by and through his attorney, Jeff Rockett. There were no other appearances.

## FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That on June 5, 1992, debtors filed a petition under Chapter 7 of Title 11, United States Code.

2. That the initial deadline to file a complaint objecting to discharge of the debtors under 11 U.S.C. § 727 or to determine dischargeability of debts under 11 U.S.C. § 523 was September 15, 1992.

3. That on September 15, 1992, creditor filed a motion for extension of time to object to discharge and/or for complaint to determine dischargeability.

4. That on September 17, 1992, the Court entered an Order granting an extension of time to object to discharge and/or to file a complaint to determine dischargeability until October 15, 1992. Creditor has not filed an objection to discharge or a complaint to determine dischargeability in the above captioned case. Creditor did not file a motion to extend the time to object to discharge or to file a complaint to determine dischargeability prior to the October 15, 1992 deadline.

5. That on October 19, 1992, creditor filed a motion to convert the debtors' case to a case under Chapter 11.

6. That on November 16, 1992, creditor filed a motion for order to conduct a 2004 examination of the debtors. On December 18, 1992, the Court entered an Order granting creditor's motion to conduct a Rule 2004 examination of the debtors.

7. That on December 7, 1992, the debtors filed a motion for their immediate discharge. Creditor filed its objection to debtors' motion for immediate discharge on December 14, 1992.

8. That on December 22, 1992, the Chapter 7 trustee filed a trustee's report of no distribution and notice of intended abandonment. The report alleges that any nonexempt real or personal property listed by the debtors has no realizable value to the estate and is burdensome, and requests that any such property be deemed abandoned pursuant to 11 U.S.C. § 554(c). Pursuant to the report, the trustee certifies that the estate of the debtors has been fully administered and requests that he be discharged from any further duties as trustee.

9. That on January 4, 1993, creditor filed an amended motion to convert to a

case under Chapter 11, or in the alternative, to dismiss the case for cause, pursuant to 11 U.S.C. § 707(a).

10. That on January 6, 1993, a hearing was held on debtors' motion for immediate discharge. The Court took the matter under advisement.

## CONCLUSIONS OF LAW

Debtors argue that they are entitled to an immediate discharge pursuant to Rule 4004(c) of the Federal Rules of Bankruptcy Procedure. Rule 4004(c) provides as follows:

(c) *Grant of Discharge.* In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e), the court *shall forthwith* grant the discharge unless: (1) the debtor is not an individual, (2) a complaint objecting to the discharge has been filed, (3) the debtor has filed a waiver under § 727(a)(10), or (4) a motion to dismiss the case under Rule 1017(e) is pending. Notwithstanding the foregoing, on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within such period, the court may defer entry of the order to a date certain. (Emphasis added).

■ In the present Chapter 7 case, the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case pursuant to Rule 1017(e) have expired. No complaints objecting to discharge or motions to dismiss under Rule 1017(e) were filed, the debtors are individuals, and the debtors did not file a waiver of discharge or a motion to delay entry of the discharge. Accordingly, as of October 15, 1992, the debtors were entitled to have a discharge granted "forthwith". *See In re Burkhart,* 91 B.R. 587, 588 (Bankr.W.D.Okla.1988) (noting that where no § 727(a) complaint was filed within the requisite period and none of the remaining exceptions set out in Rule 4004(c) applied, the court's granting of debtor's discharge was mandatory); *see*

*also In re Hiller,* 148 B.R. 606, 612, (Bankr.D.Colo.1992) (noting that absent the trustee's action to bar the debtors discharge under § 727, a Chapter 7 discharge would enter automatically and by operation of law).

■ Creditor argues that the Court should deny debtors' motion for immediate discharge, pursuant to 11 U.S.C. § 105(a), until the Court has had an opportunity to rule on creditor's pending motion to convert. Section 105(a) provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." However, "[t]he broad equitable powers that bankruptcy courts have under section 105(a) 'may not be exercised in a manner that is inconsistent with the other, more specific provisions of the Code.'" *In re Frieouf,* 938 F.2d 1099, 1103 n. 4 (10th Cir.1991), *cert. denied Frieouf v. United States,* —— U.S. ——, 112 S.Ct. 1161, 117 L.Ed.2d 408 (1992) (citing *In re Western Real Estate Fund, Inc.,* 922 F.2d 592, 601 (10th Cir.1990)).

This Court finds that it would be inappropriate for the Court to exercise its equitable power under § 105(a) in light of the definite provisions set out in § 727 and Rule 4004 of the Federal Rules of Bankruptcy Procedure. Section 727(a) provides that the Court *shall* grant the debtor a discharge unless one or more of the ten enumerated exceptions are present. Rule 4004(a) sets the deadline for filing complaints objecting to the debtors' discharge under § 727(a). The general policy underlying Rule 4004(a) "is to make finite the creditor's opportunity to object to the debtor's discharge so as to allow the bankruptcy court to enter the Chapter 7 discharge 'forthwith,' thereby fulfilling Congress' intent to provide the debtor with finality and certainty in relief from financial distress." *In re Joseph,* 121 B.R. 679, 681 (Bankr. N.D.N.Y.1990).

This Court finds that the debtors are entitled to have their discharge entered "forthwith" pursuant to § 727 and Rule 4004(c). Rule 4004(c) provides a warning to creditors that they must be diligent in

examining their available legal options and that they must meet the exceptions outlined in the Rule to prevent the Court from granting the debtors' discharge forthwith.

IT IS THEREFORE, BY THE COURT, ORDERED That debtors' motion for immediate discharge shall be and the same is hereby GRANTED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.