**In re Paul A. BILZERIAN, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**Paul A. BILZERIAN, Defendant.**

**Bankruptcy No. 91–10466–8P7.
Adv. No. 92–635.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 1, 1994.

James B. Thompson, Jr., Washington, DC, for plaintiff.

Paul A. Bilzerian, pro se.

Lucinda Burwell, Washington, DC, for SEC.

**ORDER ON MOTION TO DISMISS**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion to Dismiss the Complaint, originally filed by Bicoastal Corporation, d/b/a Simuflite, f/k/a The Singer Company (Bicoastal) against Paul A. Bilzerian (Debtor). The Complaint filed by Bicoastal set forth nine separate claims, in each of which Bicoastal challenged Bilzerian's right

to the protection of the overall general bankruptcy discharge.

On November 3, 1993, Bicoastal and the Debtor filed a Joint Motion and a Stipulation for Dismissal of the Complaint. On November 12, 1993, this Court entered an Order and conditionally dismissed the Complaint with the proviso that creditors shall be given 15 days notice of the dismissal and an opportunity to seek substitution as plaintiffs and prosecute the Complaint originally filed by Bicoastal.

On November 26, 1993, the United States of America (Government) filed a Motion to Intervene. On January 7, 1994, this Court entered an Order and extended the deadline to file Motions to Intervene. On February 16, 1994, the Securities and Exchange Commission (SEC) filed a Motion to Intervene and sought to be substituted as Plaintiff. On February 16, 1994, the SEC filed its Complaint in Intervention (sic) objecting to Bilzerian's discharge. On February 24, 1994, this Court entered an Order and denied the Motion to Extend Time and the Motion to Intervene by the SEC, but in the same Order, authorized the Government to be substituted as Plaintiff and scheduled a pretrial conference to hear all pending motions. On March 15, 1994, the Debtor filed a Motion for Summary Judgment addressed to the claims set forth in Counts II, III, IV, V and VI and a Motion for Judgment on the Pleadings addressed to the claims set forth in Counts I and VII through IX of the original Complaint. On May 18, 1994, this Court entered an Order granting the Debtor's Motion for Summary Judgment concerning the claims set forth in Counts II, V and VI, denied the Motion concerning the claim set forth in Count III and treated Bilzerian's Motion, as it related to the claim in Count IV, as a motion to dismiss and granted same. The Motion for Judgment on the Pleadings was also treated as a Motion to Dismiss which was also granted.

On May 31, 1994, the Government filed its First Amended Complaint which now sets forth two claims. The first is based on § 727(a)(2) and alleges a fraudulent transfer by the Debtor. The claim in Count II is based on § 727(a)(4) and charges that Bilzerian committed false oath in connection with his Chapter 7 case. Based on these claims, the Government seeks an order denying the right of the Debtor to the overall protection of the general bankruptcy discharge. On June 8, 1994, the Debtor filed a Motion to Dismiss Counts I and II, which is the matter currently before the Court.

The Motion filed by the Debtor is based on the contention that the Government failed to state a claim in Count I for which relief can be granted. Concerning the claim in Count II the Debtor contends that the Government has no standing as a creditor to prosecute a claim against him because the Government is not a creditor. In addition, the Debtor also contends that this Court erred in permitting the Government to be substituted as Plaintiff notwithstanding the provision set forth in Bankruptcy Rule 7041 because the Government did not file a complaint prior to the expiration of the time provided for by Bankruptcy Rule 4004 to file a complaint objecting to the discharge.

In light of the fact that the disposition of this last contention is determinative of the entire controversy, the discussion will be limited to the applicability of Bankruptcy Rule 7041 as it interacts with Bankruptcy Rule 4004.

Bankruptcy Rule 4004(a) provides:

> **Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a Chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

There is no dispute that the time to file a complaint objecting to the discharge in this Chapter 7 case was timely filed by Bicoastal but none was filed by the Government prior to the expiration of the bar date. Thus, unless Bankruptcy Rule 7041 permitted the Government to be substituted and file its own complaint, the proposition urged by Bilzerian is correct and the First Amended Complaint filed by the Government should be dismissed as untimely.

Bankruptcy Rule 7041 provides:

**Dismissal of Adversary Proceeding.** Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's insistence without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

A literal reading of this Rule indicates that a complaint objecting to discharge cannot be dismissed without notice to the Trustee, the United States Trustee, and such other persons as the Court may direct. This Rule has been construed in the past to the effect that the notice requirement is intended to permit other creditors to be substituted as Plaintiff and prosecute the timely filed complaint by another party of interest, provided, however, that no new claim may be asserted by the new plaintiff because of the time bar set forth in Bankruptcy Rule 4004(b). It appears at first blush that this interpretation of the Rule makes sense because it would have been pointless to file a complaint objecting to the Debtor's discharge when someone had already filed a complaint.

The logic and the propriety of this interpretation of F.R.B.P. 7041 is challenged by the Debtor who contends that the notice requirement was inserted only for one purpose, that is to prevent a dishonest Debtor from buying his or her discharge by offering to pay off the objecting creditor or offering some other advantage to the creditor who filed a complaint challenging the Debtor's discharge. In support of this proposition, the Debtor points to the Notes of the Advisory Committee Rule accompanying this Rule where it is stated:

> Dismissal of a complaint objecting to a discharge raises special concerns because the plaintiff may have been induced to dismiss by an advantage given or promised by the debtor or someone acting in his interest. Some courts by local rule or order have required the debtor and his attorney or the plaintiff in consideration of the withdrawal of the objection.

▮ Considering the expressed policy behind the notice requirement, this Court is satisfied that it is appropriate indeed to require as condition precedent to a dismissal an affidavit by the Debtor that he has not paid or promised to pay anything to Bicoastal who originally filed the Complaint for its agreement to dismiss its Complaint upon receipt some affidavit if in fact the Debtor did not buy his discharge, the Complaint will be dismissed unless this Court is willing to permit the Government to prosecute its Complaint in spite of the fact that the Government's Complaint was clearly filed after the bar date fixed by F.R.B.P. 4004.

Based on the foregoing, upon reconsideration this Court is satisfied that the previous order which permitted the Government to be substituted was, in fact, an error and it was improper.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Order entered on February 24, 1994, which authorized the Government to be substituted as Plaintiff be, and the same is hereby, vacated and set aside. It is further

ORDERED, ADJUDGED AND DECREED that the First Amended Complaint filed by the Government be, and the same is hereby, dismissed as untimely.

DONE AND ORDERED.