In re Thomas G. JOSEPH, Patricia H.
Joseph, Debtors.

J.K. HAGE, III, Plaintiff,

v.

Thomas G. JOSEPH and Patricia H.
Joseph, Defendants.

Bankruptcy No. 88–01580.
Adv. No. 89–0009.

United States Bankruptcy Court,
N.D. New York.

June 28, 1990.

Menter, Rudin & Trivelpiece, P.C., Syracuse, N.Y. (Jeffrey A. Dove, of counsel), for Michael A. Adams.

Hage & Hobaica, Utica, N.Y. (J.K. Hage, III, of counsel), pro se.

Grass, Balanoff, Costa & Whitelaw, P.C., Syracuse, N.Y. (Mary Lannon Fangio, of counsel), for Thomas G. Joseph and Patricia H. Joseph.

MEMORANDUM–DECISION, FINDINGS
OF FACT CONCLUSIONS OF LAW
AND ORDER

STEPHEN D. GERLING, Bankruptcy
Judge.

This contested matter is before the Court by way of the Application of Michael A. Adams ("Adams"), an unsecured creditor of Thomas G. and Patricia H. Joseph ("Debtors"), to "Intervene or Substitute" as a party-in-interest in a pending adversary proceeding commenced by J.K. Hage III ("Hage") objecting, in part, to the discharge of the Debtors pursuant to § 727 of the Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code").

JURISDICTION

The Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. § 157(a), (b)(1) and § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(O), (J).

FACTS

The Debtors filed a joint petition for relief under Chapter 7 of the Code on October 17, 1988. Thereafter, adversary proceedings were timely commenced by Hage against the Debtors, and by Adams against the Debtor, Thomas G. Joseph, only. Hage's complaint set forth seven causes of action which were based upon both Code §§ 523 and 727 ("AP # 89–0009"). Hage's four causes of action which are at issue herein, were based upon Code § 727(a)(2)(A), (a)(3), (a)(4)(A) and (a)(5). Adams' complaint sought only nondischargeability of his claim pursuant to Code § 523 ("AP # 89–0008").

On March 16, 1990, a Proposed Stipulation of Settlement pursuant to Bankruptcy Rule 7041 was filed by the Debtors, with notice to creditors, regarding settlement or discontinuance of all of Hage's causes of action against the Debtors. The settlement provided that, in exchange for the sum of $15,000, Hage agreed to "release" the Debtors from Hage's action based upon Code § 523 seeking nondischargeability of a debt to him in the amount of $265,000.

The settlement also provided that Hage "agrees to discontinue" his other four causes of action based upon Code § 727 due to a lack of substantiating evidence.

Following a hearing on May 1, 1990, the Court, by Order dated May 16, 1990, approved the settlement with regard to the causes of action based on Code § 523 but expressly reserved decision on Adams' previously filed (April 26, 1990) Application to Intervene or Substitute as Party–In–Interest in AP # 89–0009 with regard to the four causes of action based on Code § 727.

## ARGUMENTS

Adams argues that substitution of parties is permitted where the original party seeks to abandon the objection to discharge. He relies upon the reasoning expressed by the bankruptcy court in *Russo v. Nicolosi (In re Nicolosi)*, 86 B.R. 882 (Bankr.W.D.La.1988) that a creditor who seeks denial of a Chapter 7 debtor's discharge becomes, in effect, a trustee for the cause of action based upon Code § 727 which, if successful, may benefit the general body of creditors. Thus, according to the *In re Nicolosi* court, which is urged here by Adams, a creditor who is not originally a party to the adversary proceeding objecting to the debtor's discharge may elect to continue prosecution of that proceeding if the original creditor-plaintiff seeks its abandonment.

The Debtors opposes Adams' Application on the ground that an insufficient basis has been presented for allowing Adams' intervention in the adversary proceeding. The Debtors distinguish the instant case from that cited by Adams, in that in *In re Nicolosi*, the original plaintiff/creditor "traded" its cause of action based upon Code § 727 for some private gain thereby "compromising" its objection to discharge. Here, the Debtors contend, Hage's Code § 727 actions against the Debtors were not compromised, but rather, "discontinued" by Hage due to a lack of evidence substantiating the Code § 727 causes of action.

The Debtors also argue that Adams has shown no reason why he should be allowed to prosecute Hage's Code § 727 causes of action when he was aware of the bar date for filing Code § 727 objections and yet failed to do so.[1] They contend that, in order to prevent this procedure from serving as a vehicle to "harass the debtor," the Court should require a showing by the intervening creditor of the "possible merits of any claims to be pursued."

Hage also objects to Adams' intervention or substitution in his Code § 727 actions. He argues that Adams does not meet the test set forth in case law for intervention or substitution under Bankruptcy Rules ("Bankr.R.") 7024 and 7025, respectively. He argues that Adams' Application to intervene is untimely as he did not receive notice of the application until three days before the hearing to approve the settlement; that Adams' intervention will cause him prejudice by delaying or causing the failure of the settlement; that Adams will not be prejudiced by denial of intervention because Hage commenced the Code § 727 actions "on my own behalf" rather than for the general creditor body; and that if the action is not settled, he [Hage] "must continue [litigation of the Code § 727 causes of action] against my better economic judgment."

Hage opposes the substitution of Adams by further maintaining that because substitution pursuant to Bankr.R. 7025 applies only in the case of the death or incompetency of a plaintiff, it is inapplicable in the instant case.

## DISCUSSION

The issue before the Court is whether a creditor of a Chapter 7 debtor may be substituted as plaintiff in an adversary proceeding pursuant to Code § 727, seeking denial of a debtor's discharge, after the bar date for filing objections to discharge, where the original plaintiff seeks to abandon that cause of action.

It appears on its face that such a practice, if permitted, is in potential conflict

---

**1.** Adams timely filed and subsequently prosecuted an action to determine the dischargeability of a debt owed to him by the Debtor, Thomas G. Joseph, based upon Code § 523.

with Bankr.R. 4004(a) which unambiguously sets the deadline for filing objections to discharge at sixty days from the first date scheduled for the meeting of creditors ("bar date"). With few exceptions, the bar date is strictly adhered to. *See e.g., In re Alton*, 837 F.2d 457, 459 (11th Cir.1988). The general policy underlying the rule is to make finite the creditors' opportunity to object to the debtor's discharge so as to allow the bankruptcy court to enter the Chapter 7 discharge "forthwith," thereby fulfilling Congress' intent to provide the debtor with finality and certainty in relief from financial distress. *See* Bankr.R. 4004(c); *In re Klein*, 64 B.R. 372, 375 (Bankr.E.D.N.Y.1989). *See also Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966) (purpose of bankruptcy statutes is to "secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period").

A more fundamental principle, upon which the above so-called "fresh start" goal is premised, however, is Congress' intent that the extraordinary relief offered through the bankruptcy statutes is available only to an honest debtor. Nonetheless, it is recognized that creditors' time to bring objections to discharge must be limited so as to allow sufficient opportunity for creditors to raise those objections, while also insuring that the debtor's discharge is not subjected indefinitely to new challenges from creditors based upon the debtor's alleged pre-petition conduct. The practice contemplated by Bankr.R. 7041 seeks to effectuate the goals of expediency, fairness and integrity.

Dismissal or withdrawal of an objection to discharge under Code § 727 is the focus of Bankr.R. 7041 as such complaints generally involve "allegations of conduct by the debtor that are contrary to public policy as offensive to the creditor body as a whole." *ITT Financial Services v. Corban (In re*

*Corban)*, 71 B.R. 327, 329 (Bankr.M.D.La. 1987). Bankr.R. 7041 provides that "a complaint objecting to a debtor's discharge shall not be dismissed ... without notice to the trustee and only on order of the court containing terms and conditions which the court deems proper." The Advisory Committee note to the Rule provides that "[d]ismissal of an objection to discharge raises special concerns because the plaintiff may have been induced to dismiss" the objection by the debtor.

One of the "special concerns" is the full disclosure of consideration promised or given to the creditor for withdrawing the objection to discharge so that parties in interest have equal access to information regarding the assets, liabilities and claims against the debtor. *See In re Trout*, 108 B.R. 235, 238 (Bankr.D.N.D.1989). This concern is also addressed by Local Bankruptcy Rule 33 which provides for complete disclosure of the "circumstances of any settlement and any consideration promised or given, directly or indirectly, for the withdrawal of the action."[2] Thus, the aims of both Bankr.R. 7041 and Local Rule 33 are to affect the general assumption that once a debtor files a bankruptcy petition and invokes the benefits of the bankruptcy laws, "he can no longer expect to have any financial secrets." *Id.* To emphasize the concern, Congress enacted criminal sanctions for those who fraudulently run afoul of Bankr.R. 7041 and Local Rule 33.[3]

In the instant case, there has been no allegation that all of the circumstances of the agreement between Hage and the Debtors regarding his adversary proceeding have not been disclosed. The Debtors contend that Hage has not "compromised," but rather, "discontinued" his objections to the Debtors' discharge due to insufficient supporting evidence. The fact remains that he has agreed, in the same stipulation in which the Code § 523 actions were "released," not to prosecute his Code § 727

---

**2.** See Rule 33 of Local Bankruptcy Rules for the Northern District of New York effective April, 1989 for the complete text of this Rule entitled "Settlement of Actions to Determine Discharge or Dischargeability."

**3.** Title 18 U.S.C. § 152 (Supp.1990) provides that "[w]hoever knowingly and fraudulently ... offers, receives or attempts to obtain any money or ... advantage ... for acting or forebearing to act" is subject to fines and/or imprisonment.

actions further. The Court observes the coincidence of Hage's discontinuing his objections to discharge with his receipt of the settlement money with regard to the Code § 523 actions, and must note that it raises the inference of a quid pro quo, which on its face, somewhat subverts the Debtors' argument that Hage's agreement to discontinue the objections to discharge was due to a lack of supporting evidence.

While the Debtors and Hage have specified that the Code § 727 actions have been "discontinued" due to an alleged dearth of evidence, therefore, eliminating any stated intent to "compromise" those actions, the taint of compromise persists. The court in *In re Moore,* 50 B.R. 661 (Bankr.E.D.Tenn. 1985) held that the coupling of the discontinuance of objections to discharge with settlement of other actions, as the Debtors and Hage have ostensibly stipulated to here, "is contrary to public policy." *Id.* at 664. *See also In re Levy,* 127 F.2d 62 (3d Cir.1942) (any such conditional offer "is wholly illegal"). The Court hastens to add, however, that the Debtors' ultimate agreement to settle Hage's Code § 523 actions regardless of this Court's decision concerning Adams' substitution in the Code § 727 actions, may be viewed as rebutting the inference of compromise.

A second concern, which was focused upon in *In re Nicolosi, supra,* 86 B.R. at 889, and advanced here by Adams, is that the plaintiff who commences an adversary proceeding pursuant to Code § 727 opposing the Chapter 7 debtor's discharge becomes the trustee of that action as it "inures to the benefit of all creditors." *Id.* (quoting *Cunningham v. Elco Distributors, Inc.,* 189 F.2d 87 (6th Cir.1951)). A creditor commencing an adversary proceeding based upon Code § 523, on the other hand, seeks to "vindicate only its own debt." *Nicolosi, supra,* 86 B.R. at 888 (quoting *Austin Farm Center v. Harrison (In re Harrison),* 71 B.R. 457, 459 (Bankr. D.Minn.1987)). A creditor's withdrawal of an objection to discharge, therefore, is a unilateral act which affects the entire class of creditors. In the absence of Bankr.R. 7041, it would be permissible under the Rules, and to a debtor's advantage who

was alleged by a creditor to have committed, and in fact did commit, an act specified under Code § 727(a), to offer to confer some benefit upon the specific creditor in exchange for withdrawal of its complaint objecting to discharge. In so doing, the debtor could receive a discharge of all of his other debts for the undisclosed amount of settling one debt with a single creditor. Bankr.R. 7041 is Congress' mechanism for the prevention of such practices.

In addition to the general body of creditors as beneficiaries of a quasi-class action pursuant to Code § 727(a), the moral basis of the bankruptcy statute is also affirmed when a dishonest debtor is denied discharge. The court in *In re Harrison, supra,* properly noted that objections to discharge pursuant to Code § 727(a) are "directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than fraud on, or injury to, a single creditor." *Id.* at 459. Thus, not only the interests of the creditors in the particular case are served, but also a fundamental premise of making the extraordinary relief of bankruptcy available only to the honest debtor is advanced.

In light of the above, the Court must agree with Adams that he be allowed to carry on Hage's objections to the Debtors' discharge. The Debtors' allegation that Adams' pursuit of Hage's objection to discharge is "solely for the purpose of harassment" is without merit. Any creditor's motives may be imputed. The Debtors' instant allegation is unsupported and, therefore, fails to warrant further consideration. Moreover, one of the bankruptcy court's roles is "to protect all the creditors of the estate." *In re Silverman,* 1 B.R. 107,112 (Bankr.S.D.N.Y.1979). It is not a defense to a creditor's objection to discharge, that all of the debts owed to creditors by a debtor who has engaged in conduct in violation of Code § 727(a) should be discharged because the creditor filing the objection has done so for an alleged improper motive. *Id.* There is no such barrier preventing

Adams, in the case at bar, from "taking up the cudgels and continuing the objections to discharge." *Id.*

As a procedural matter, Adams' Application is styled alternatively as an "Application To Intervene Or Substitute As Party–In–Interest In Pending Action." It is initially noted that intervention, *per se,* is improper in the instant case as Adams' Application is brought well beyond the bar date for filing objections to discharge. Because Adams has not provided sufficient grounds for the Court to grant an untimely filed motion for intervention, it would not be permitted at this time. *See e.g., Manhattan Life Insurance Co. v. Low (In re Low),* 8 B.R. 716, 719 (Bankr.D.R.I.1981).[4] In the Court's view, allowance of an intervenor at this time in the instant adversary proceeding, with its attendant status and rights, would be violative of the policy of finality underlying Bankr.R. 4004(a).

Substitution, pursuant to Bankr.R. 7025, which incorporates Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 25 appears to be the appropriate procedure. Specifically, Fed.R.Civ.P. 25(c) allows for substitution of parties where a transfer of interest occurs during the course of the action. The substituted party does not bring his own complaint as an intervenor would, but instead "steps into the shoes" of the original plaintiff and adopts the objections to discharge set forth in the originally filed complaint. *In re Nicolosi, supra,* 86 B.R. at 888. *See also Mazur v. Hirsch Shoe Co.,* 46 F.2d 973, 974 (5th Cir.1931) (substituted plaintiff must proceed under "specifications already filed by those withdrawing").

The notice to creditors of the Proposed Stipulation of Settlement and discontinuance of the causes of action in Hage's complaint against the Debtors set forth the deadline for the filing of applications for substitution in the Code § 727 actions. Adams' timely Application to "Intervene or Substitute" as party-in-interest sets forth that he is a general unsecured creditor of the Debtors and that Hage is "no longer adequately representing the interests of those similarly situated to Hage and Adams, as evidenced by his agreement to forebear from prosecuting the action under 11 U.S.C. Section 727...." [5] Adams, thus, has made a showing sufficient to support substitution on the grounds of a transfer of interest pursuant to Fed.R.Civ.P. 25(c). He need not, contrary to the Debtors' contention, show a likelihood of success on the merits. If the Debtors believe that the Code § 727 claims are, in effect, baseless or adopted for an improper purpose, they may avail themselves of their remedy under Bankr.R. 9011.

Based upon the foregoing reasons, Adams Application for substitution as plaintiff in the adversary commenced by Hage objecting to the Debtors' discharge is granted. Adams may continue prosecution of causes of action four through seven of the complaint filed by Hage on January 20, 1989 against the Debtors. Accordingly, it is hereby,

ORDERED:

1. That Adams' Application insofar as it seeks to intervene in Adv. Pro. No. 89–0009 is denied, however, insofar as it seeks substitution, it is granted; and

2. That Hage is no longer party plaintiff in the adversary proceeding commenced by his complaint objecting to the Debtors' discharge (Adv.Pro.No. 89–0009); and

3. That Adams is substituted as the sole plaintiff in the prosecution of causes of action four through seven of Hage's former complaint discussed herein; and

4. That all future filings with regard to Adv. Pro. No. 89–0009 are to be captioned as: Michael A. Adams, Substituted Plain-

4. While Adams has not sought to amend his timely filed complaint seeking nondischargeability of the debt owed to him by the debtor to include a cause of action based upon Code § 727(a), the Court notes that such an amendment after the bar date would be also impermissible. *See In re Harrison, supra.*

5. The Court rejects Hage's contention that he was not timely served with Adams' Application to Intervene or Substitute as Party-in-interest in Pending Action as Adams has complied with the Notice of Settlement by filing and serving his Application prior to the May 1, 1990 hearing.