In re Gary MARGOLIN, Debtor.

**Bankruptcy No. 91–10529 RJB.**

United States Bankruptcy Court, D. Colorado.

Jan. 17, 1992.

Samuel M. Ventola, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for creditor The Professional Bank of Colorado.

Jeffrey L. Skovron, Martin & Mehaffy, Boulder, Colo., for debtor Gary Margolin.

Matthew D. Skeen, Skeen & Pearlman, P.C., Denver, Colo., for trustee Janice A. Steinle.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the join Motion for Approval of Stipulation and Settlement Agreement filed November 8, 1991, by the Creditor, The Professional Bank of Colorado ("Bank") and the Debtor, Gary Margolin, and the Trustee's Objection thereto filed November 27, 1991.

On January 15, 1991, the Debtor filed his voluntary Chapter 7 Petition. The creditors' meeting pursuant to 11 U.S.C. § 341 was held on March 14, 1991, and the last date for parties to file complaints under 11 U.S.C. §§ 523 and 727 was set for April 16, 1991. On April 15, 1991, both the Bank and the Trustee filed motions to extend the time to file such complaints. On May 14, 1991, the Court granted the Bank's motion extending the time to file a complaint to June 13, 1991. On August 5, 1991, the Court granted the Trustee's similar motion extending the time to file a complaint to October 4, 1991.

On June 13, 1991, the Bank did file a complaint under both § 523 and § 727. (Adversary No. 91–1461 DEC). The Trustee never filed a complaint. Trial on the Bank's complaint was set for December 2, 1991. However, on or about November 4, 1991, the Bank and the Debtor entered into a stipulation to settle the Adversary Case and filed their joint Motion for Approval of Stipulation and Settlement Agreement.

The gravamen of the Bank's complaint is that the Debtor violated § 523(a)(2)(B) in that (1) when the Debtor obtained a loan from the Bank in 1986 he gave a false financial statement in that he listed assets sufficient to show a net worth of over $1,000,000.00 OR (2) when the Debtor filed his bankruptcy petition he violated (a) § 727(a)(2)(A) in that he fraudulently transferred all of his assets, i.e. all those shown on the 1986 financial statement he had given to the Bank; (b) § 727(a)(3) in that he has failed to preserve records to explain the loss of all those assets; (c) § 727(a)(4) in that he failed to list all of those assets on his bankruptcy schedules; and (d) that he has failed to satisfactorily explain the loss of all those assets. As stated by counsel for the Bank, either the Debtor was lying in 1986 when he told the bank he had over a $1,000,000.00 net worth, or he was lying when he stated in his bankruptcy filing that he had few, if any, assets.

After conducting discovery in the adversary case, the Bank concluded that, indeed, the Debtor was lying when he submitted his financial statement in 1986, and that, in fact, the Debtor never had all of those assets. If this conclusion was valid, it vitiated all of the § 727 allegations. Faced with the reality that the Debtor has few, if any assets, and the fact that the Debtor now has no real prospects for the future because he has been disbarred from the practice of law, the Bank agreed to the settlement *sub judice*. That settlement provides that the § 727 allegations will be dismissed; that the debt to the Bank of

$97,501.36 is non-dischargeable; and that the Debtor may satisfy his debt to the Bank by the payment of $25,000.00 over time. In accordance with Bankruptcy Rule 7041, the Bank and the Debtor provided notice (which had a complete copy of the settlement attached) to the Trustee and all other creditors of their intent to dismiss the § 727 complaint.

The Trustee objects to dismissal of the § 727 complaint and asserts that when the Bank filed its complaint it assumed a fiduciary role as to all the other creditors in the bankruptcy case to go forward with that complaint. The trustee asserts that she elected not to file a similar complaint because that Bank had already done so. The Bank, argues the Trustee, having once filed its complaint, which, if successful, would inure to the benefit of all creditors, should not now be allowed to dismiss that complaint just because the Debtor has agreed to pay it $25,000.00.

There is some case law to support the Trustee's arguments. The court in *In re Moore,* 50 B.R. 661 at 664 (Bankr. E.D.Tenn.1985) stated:

> Tying withdrawal of objections to discharge to settlement of other actions is contrary to public policy. Under no circumstances, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge. A discharge in bankruptcy depends on the debtor's conduct; it is not a object of a bargain.

This court, as did Judge Boe in the case of *In re Nicolosi,* 86 B.R. 882 (Bankr. W.D.La.1988), has extreme difficulty with that holding. *See, In re Nicolosi, supra,* footnote 4 at p. 889. The solution found by other courts to this tension between vindication of the public interest in upholding the policies behind § 727, and the public interest in fostering the peaceful, just, speedy and inexpensive resolution of disputes, is to (1) provide notice and full disclosure of the terms of such agreements between the original complaining creditor and debtor to all parties in interest; and (2) to allow other creditors and/or the trustee to intervene or be substituted for the origi-

nal complaining creditor in order to prosecute the § 727 complaint. *In re Nicolosi, supra; In re Short,* 60 B.R. 951 (Bankr. M.D.La.1986); *In re Joseph,* 121 B.R. 679 (Bankr.N.D.N.Y.1990). This court adopts that solution.

In the present case the parties did provide notice and full disclosure to all creditors and to the Trustee. In addition, counsel for the Bank offered to provide complete access to the Trustee of all discovery and information available to the Bank. This was done November 8, 1991. As of the date of the hearing herein, January 15, 1992, the Trustee had not accepted that offer, nor has she sought to intervene or be substituted for the Bank in the adversary case. Rather, the Trustee insists that the Bank be forced to continue prosecuting the § 727 action.

This Court doubts that counsel for the Bank could now ethically prosecute the § 727 complaint. With the agreement the Bank now has it will stand a much better chance of recovering some funds from the Debtor because the Bank will be the only creditor with a claim surviving the bankruptcy. If the Bank were forced to prosecute the § 727 complaint to a successful conclusion (assuming it could do so) it would then be in the position of racing against all the other creditors trying to capture some asset the Debtor may obtain in the future. This Court will not put counsel in the untenable position of vigorously prosecuting an action that is detrimental to his own client and thus will not force the Bank to further prosecute the § 727 complaint. The bankruptcy case has been pending for one year, the Bank's adversary complaint has been pending for six months, and the settlement has been pending for two months. This is more than sufficient time for the Trustee to have sought intervention in the adversary or to bring her own complaint, and she has chosen not to. No other creditor filed such a complaint nor have they objected to the settlement proposed herein. It is, therefore,

ORDERED that the Motion for Approval of Stipulation and Settlement Agreement

filed November 8, 1991, is granted and the Stipulation and Settlement Agreement between the Bank and the Debtor is approved and made an Order of the Court.