**In re Donald THOMAS, Debtor.**

**John O. RYAN, Plaintiff,**

**v.**

**Donald THOMAS, Defendant.**

**Bankruptcy No. 94–03433.**

**Adv. No. a94–06224.**

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Feb. 15, 1995.

Michael J. Gearin, Preston Gates & Ellis, Seattle, WA, for trustee.

Alan J. Wenokur, Seattle, WA, for debtor.

## MEMORANDUM OPINION ON MOTION TO SUBSTITUTE

SAMUEL J. STEINER, Bankruptcy Judge.

The issue before the Court is whether the trustee may be allowed to substitute as plaintiff in an action under section 727, after the deadline for complaints has passed. After reviewing the cases cited by the parties, the Court concludes that the weight of authority favors the trustee.

Resolution of the matter centers on Rule 7041, F.R.Bankr.P., which requires a creditor to give notice to the trustee of a motion for voluntary dismissal of a section 727 complaint. The debtor cites the Advisory Committee note, which focuses on the potential that a plaintiff may be "induced to dismiss by an advantage given or promised by the debtor . . . ." Based on this language, the debtor

contends that, where no consideration has been given for the dismissal, there is no basis to authorize the suit to continue under a different plaintiff.

The cases indicate that the potential for private benefit is not the sole concern behind Rule 7041. As noted by the Court in *In re Corban*, 71 B.R. 327 (Bankr.M.D.La.1987) (cited by debtor):

> Objections to the discharge of a debtor under § 727 of the Bankruptcy Code generally involve allegations of conduct by the debtor that are contrary to public policy as offensive to the creditor body as a whole. It is with respect to such complaints that the trustee must be notified and that the Advisory Committee note proscribes the receipt of consideration for dismissal of the proceeding.

To resolve the "tension between vindication of the public interest in upholding the policies behind § 727, and the public interest in fostering the peaceful, just, speedy and inexpensive resolution of disputes," courts have required not only full disclosure of the terms of any compromise, but have also allowed other creditors and/or the trustee to intervene or be substituted for the original complaining creditor in order to prosecute the § 727 complaint. *In re Margolin*, 135 B.R. 671 (Bankr.D.Colo.1992), citing with approval *In re Joseph*, 121 B.R. 679 (Bankr. N.D.N.Y.1990), and *In re Nicolosi*, 86 B.R. 882 (Bankr.W.D.La.1988). The legal justification for authorizing substitution is that a creditor prosecutes a section 727 action as trustee, since the action inures to the benefit of all creditors. When a creditor no longer has an interest in pursuing the action, the trustee essentially becomes his successor.

Even though this matter did not come before the Court as a motion to dismiss, the same principal applies. That is, the trustee may substitute as successor in interest to the creditor, to pursue the section 727 action on behalf of all creditors.

Accordingly, the motion to permit the trustee to substitute as the party plaintiff in this action is granted.