**In re Prasad CHALASANI, Debtor.**

**STATE BANK OF INDIA, New York Branch, Plaintiff,**

v.

**Prasad CHALASANI, Defendant.**

Bankruptcy No. 892–84977–20.
Adv. No. 892–8549–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

March 23, 1995.

Abel Jack Schwartz, Garden City, New York, for debtor.

Allan B. Mendelsohn, Chapter 7 Trustee, Syosset, New York.

Richard S. Last, Dunn & Zuckerman, P.C., New York City, for State Bank of India.

Aaron R. Cahn, Ober, Kaler, Grimes & Shriver, New York City, for Society of Savings.

## DECISION AND ORDER GRANTING MOTION TO REOPEN ADVERSARY PROCEEDING TO AMEND DEFAULT JUDGMENT

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before this Court[1] upon Prasad Chalasani's ("Debtor" or "Defendant") motion to reopen his chapter 7 case in order to bring a motion to reopen the instant adversary proceeding to vacate the default judgment. Additionally, Society for Savings ("Society"), a secured creditor of the Debtor, has requested that adversary proceeding

---

1. The Court has jurisdiction over this case pursuant to sections 1334, 157(a) and 157(b)(1) of title 28, United States Code and the order of referral of matters to the bankruptcy judges by the United States District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

captioned "State Bank of India, New York Branch, Plaintiff v. Prasad Chalasani, Defendant," Adversary Proceeding Number 892–8549–20, commenced on December 8, 1992 and closed on October 29, 1993, be reopened so that Society can be substituted as plaintiff and be allowed to amend this Court's September 29, 1993 Order that granted a default judgment against the Debtor. Society filed a Memorandum of Law in Support of their motion. In response to Society's motion, State Bank of India ("SBI" or "Plaintiff") filed an Affidavit in Opposition. Society filed a Reply in Further Support.

Arguments in support of and in opposition to the motions were heard. The Debtor's motion was denied from the bench and an order was directed to be settled. The order as settled did not accurately reflect the Court's ruling and was not entered. The disposition of that motion will be encompassed in this decision. For the reasons set forth below, Society's motion to reopen the adversary proceeding to be substituted as plaintiff and request to amend the default judgment is GRANTED.

### HISTORY

Prasad Chalasani subjected himself to the jurisdiction of this Court when he filed a chapter 7 petition with this Court on September 9, 1992. The Law Office of T. Kevin Murtha was listed as his representative. Allan B. Mendelsohn, Esq., was appointed the chapter 7 trustee ("Trustee"). The Statement Pursuant to Rule 2016(b) indicates that $3,880.00 was paid for legal services. The Statement of Financial Affairs lists thirteen lawsuits pending against the Debtor in New York and New Jersey courts. SBI is listed as plaintiff in three of those lawsuits. Debtor lists in "Schedule B—Personal Property," subsection (20) "other contingent and unliquidated claims of every nature," two claims against SBI valued at approximately $50,739,600.00. The remainder of the claims are listed at $50,000,000.00 for a total of $100,739,600.00. Society is listed on Schedule D as a secured creditor in the amount of $565,000.00 as the holder of a mortgage on Debtor's residence at Oakley Court, Mill Neck, New York ("Residence"). There are two other secured creditors listed. Both are mortgagees on the Residence. These secured claims total approximately $1.5 million. Schedule F lists 32 creditors totalling approximately $6.4 million. SBI is listed as a creditor for claims arising out of personal guarantees:

| | |
|---|---|
| 1990 personal guarantee | $957,953.00 (listed as disputed) |
| February 1991 personal guarantee | $310,000.00 |
| November 1991 personal guarantee | $120,000.00 |

---

Interestingly, Debtor's summary of schedules lists the following figures:

| | |
|---|---|
| Total Assets: | $101,592,100.00 |
| Total Liabilities: | $ 8,008,956.25 |

There was an order and application filed to amend Schedule F to add an additional $5 million in "potential claims."

SBI commenced an adversary proceeding on December 8, 1992 seeking to have their debt of approximately $1.7 million deemed nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(A) and (B). Additional relief requested a denial of Debtor's discharge pursuant to 11 U.S.C. section 727(a)(3), (4) and (5). On April 29, 1993, an answer was filed on behalf of the Debtor by T. Kevin Murtha & Associates, P.C., containing general denials, no counterclaims, and a "Wherefore" clause requesting that the "Verified Complaint" be dismissed.

Prior to filing this answer, by Notice of Motion dated January 12, 1993, Debtor requested that pursuant to 11 U.S.C. section 707, his chapter 7 proceeding be dismissed. The catalyst for this request was his receipt of the summons and complaint in the instant adversary proceeding. Believing that he needed time to investigate the allegations and believing that it would be in the "best interest of the Trustee, the Court and the Creditors," Debtor asked this Court to dismiss the chapter 7 petition.

SBI filed an Affidavit in Opposition to the Motion noting that the motion was void of any "cause" and reiterated its causes of action pursuant to 11 U.S.C. sections 523 and

727 as contained in its complaint. On March 9, 1993, this Court entered an Order denying the motion to dismiss and directed the Debtor to file an answer by March 30, 1993 and scheduled a pre-trial conference for May 4, 1993.

By Notice of Motion dated June 10, 1993 which scheduled a hearing for July 15, 1993, T. Kevin Murtha & Associates P.C. requested to be relieved as counsel for the Debtor. Failure to cooperate, failure to respond to document requests, difficulty in communicating with the Debtor, and failure to pay legal fees were cited as the basis for the request. A hearing was held on July 15, 1993. The Court docket reflects that no objections were received, a hearing was held, and an order was signed on July 30, 1993 granting the motion. An August 3, 1993 Notice of Entry was received by the Court.

Simultaneously, Plaintiff served a motion with respect to its adversary proceeding, also returnable July 15, 1993, requiring the Debtor to respond to discovery requests and providing that failure to do so would result in Debtor/Defendant's answer being stricken and a default judgment entered. The Notice of Motion dated June 15, 1993 was served on Debtor, T. Kevin Murtha & Associates, P.C., as attorneys for Debtor, the Trustee, and certain creditors including Society. The Court docket reflects that no objections were received, a hearing was held, and the motion was granted. By Order dated July 30, 1993 the Court provided for the following:

> . . . that in the event a full and complete response is not provided to plaintiff's attorneys of record within the said time period, the answer of debtor to the within adversary complaint shall be stricken pursuant to FRCP Rule 37(d) upon submission of an affidavit from plaintiff's attorney attesting to the failure to comply with this order, and plaintiff may settle a proposed judgment by default on notice for the relief requested in the said adversary complaint.

The Order was settled on Debtor, T. Kevin Murtha & Associates, P.C. as attorneys for Debtor, and the Trustee. Moreover, Notice of Entry of said Order was provided to Debt-

or, T. Kevin Murtha & Associates, P.C., and the Trustee on August 2, 1993.

Notice of Settlement of Judgment was presented to this Court for signature on September 23, 1993. Debtor and the Trustee were served. As of this date, the Court had not been apprised that Debtor had obtained new counsel. Richard S. Last provided the Affidavit in Support of the Judgment and requested, *inter alia:*

> [s]ince he has failed to comply with the said Court order, and indeed, is in contempt of its provisions, the remedy provided for in that order if exactly this eventuality occurs, should be administered, mainly his answer stricken, and judgment entered for the relief requested in the adversary complaint.

Affidavit of Richard S. Last, sworn to September 9, 1993, ¶ 8.

The Affidavit further provides:

> [a]s Chalasani is equally indifferent to the sanctions threatened in the said order, the Court should have no reservations about administering them. Judgment should be entered accordingly declaring plaintiff's claims nondischargeable, and entering judgment for the total amount of the claims.

Affidavit of Richard S. Last, ¶ 12.

The Default Judgment as settled by Plaintiff was signed on September 29, 1993. The following relief was provided:

> Adjudged that the answer of defendant-debtor Prasad Chalasani to the adversary complaint of plaintiff State Bank of India, New York Branch, be and hereby is stricken in its entirety, and it is further
>
> Adjudged that judgment by default is hereby entered against defendant Prasad Chalasani, and it is further
>
> Adjudged that all the allegations of fact in plaintiff's said adversary complaint have been deemed admitted and resolved in favor of plaintiff, and it is further
>
> Adjudged that SBI's claims against Chalasani, as recited in the said adversary complaint which have been reduced to judgments filed in the Office of the Clerk of New York County on June 26, 1992 in the amount of $1,213,979.40, on

*April 24, 1992 in the amount of $135,-482.15 and on October 25, 1991 in the amount of $375,741.75, all of which are wholly outstanding, are hereby deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B), ...*

Notice of Entry of this judgment was provided to the Debtor, Trustee, and certain creditors including Society.

### DISCUSSION

11 U.S.C. section 523 provides in pertinent part:

*§ 523. Exceptions to discharge.*

*(a) A discharge ... does not discharge an individual debtor from any debt— ...*

*(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—*

*(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;*

*(B) use of a statement in writing—*

*(i) that is materially false;*

*(ii) respecting the debtor's or an insider's financial condition;*

*(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and*

*(iv) that the debtor caused to be made or published with intent to deceive; ...*

11 U.S.C. § 523(a)(2)(A) and (B).

11 U.S.C. section 727 provides in pertinent part:

*§ 727. Discharge.*

*(a) The court shall grant the debtor a discharge, unless— ...*

*(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might*

*be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;*

*(4) the debtor knowingly and fraudulently, in or in connection with the case—*

*(A) made a false oath or account;*

*(B) presented or used a false claim;*

*(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or*

*(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;*

*(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities; ...*

11 U.S.C. § 727(a)(3), (4) and (5).

Approximately four months after the default judgment was entered, by Notice of Motion dated February 17, 1994, Society moved this Court to reopen the adversary proceeding and asked to step into the shoes of SBI *via* substitution as plaintiff, pursuant to Bankruptcy Rule 7025,[2] and to amend the judgment entered by SBI. SBI's complaint did request relief pursuant to 11 U.S.C. sections 523 and 727. However, an order was only entered with respect to section 523 relief.

Society, a secured creditor of the Debtor, seeks to proceed from where SBI left off, namely amend the judgment to comply with the requested relief as per the complaint and subsequent motion, and have an order entered denying Debtor's discharge pursuant to section 727(a)(3), (4) and (5).

Society argues that a creditor who files a complaint requesting denial of discharge does so for the benefit of all creditors. See *In re*

---

**2.** Rule 25(c) of the Federal Rules of Civil Procedure, made applicable by Rule 7025 of the Federal Rules of Bankruptcy Procedure governs substitution of parties; it provides: *In case of any transfer of interest, the action may be continued by or against the original party, unless the court*

*upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.* Fed.R.Civ.P. 25(c) (1995).

*Thomas,* 178 B.R. 852 (Bankr.W.D.Wash.); *In re Joseph,* 121 B.R. 679 (Bankr.N.D.N.Y. 1990) *aff'd* 1992 WL 96324 (N.D.N.Y.); *In re Nicolosi,* 86 B.R. 882 (W.D.La.1988); *In re Short,* 60 B.R. 951 (Bankr.M.D.La.1986). There would be no prejudice at this point to allow the judgment to be amended.

*In re Joseph,* 121 B.R. 679 (Bankr. N.D.N.Y.1990), is cited in support of Society's substitution theory. In *Joseph,* Judge Gerling allowed the plaintiff in an adversary proceeding that sought to bar the discharge of his particular debt pursuant to section 523, to "carry on" another plaintiff's objection to Joseph's discharge. Adopting the argument that a section 727 dischargeability action "inures to the benefit of all creditors," the court held that substitution pursuant to Bankruptcy Rule 7025 to allow this plaintiff to "step into the shoes" of the original plaintiff was proper. *Joseph,* 121 B.R. at 682–683, (citing *Cunningham v. Elco Distributors, Inc.,* 189 F.2d 87 (6th Cir.1951)). *But cf. In re Margolin,* 135 B.R. 671 (Bankr.D.Colo.1992).

SBI opposes the requested relief in its entirety. SBI argues that because the plaintiff in *Joseph* had commenced his own adversary proceeding and that the motion for substitution was made prior to the discontinuance of the adversary proceeding that the facts are not analogous to the case at bar and *Joseph* should not be relied on. Feeling that Society is now jumping on the proverbial "bandwagon" after all the work has been done as SBI was the purveyor of due diligence, SBI argues that to allow Society to be substituted as plaintiff to continue a cause of action that need not be if the judgment is amended to deny the Debtor his discharge, is pointless.

This Court recognizes *In re Margolin,* 135 B.R. 671 (Bankr.D.Colo.1992) in support of SBI's position that Society not be allowed to intervene to prosecute a section 727 claim. Factually dissimilar to the case at bar, *Margolin* involved a settlement agreement that was noticed to all creditors and provided for withdrawal of 727 claims in exchange for satisfaction of certain debts. The Trustee objected to the dismissal of the section 727 claims arguing that the creditor-bank had a duty to pursue them. Moreover, because there was already a 727 complaint, the Trustee had elected not to file same. *Margolin* focused merely on the propriety of a bargained for exchange, that is, settlement of a particular debt as opposed to the pursuit of a 727 claim. Both causes of action arose out of the same adversary proceeding. Believing that the settlement had been properly noticed and that the Trustee had not been diligent in timely seeking to intervene, the Court declined to compel the creditor to pursue its section 727 complaint. *Margolin,* 135 B.R. at 673. This Court will not compel SBI to take up the reins again either. Society will step in and amend the judgment.

If the judgment is amended to properly reflect the requested relief, all creditors will be free to actively pursue their claims. This Court can perceive of no prejudice to anyone involved, especially SBI, if Society's motion were granted. Society is not to be perceived as the victor receiving the spoils. After all, SBI specifically requested 727 relief. This Court does believe that SBI had an obligation to prosecute the claims in their entirety inclusive of the 727 relief. Whether or not other creditors and the chapter 7 trustee in this case elected not to bring a 727 action knowing that one had already been commenced is a consideration in determining whether or not to reopen the judgment for amendment.

Debtor's motion to reopen his chapter 7 petition to vacate the default judgment based in part on "debtor's not having the benefit of counsel at a critical time" is incredulous at best. Debtor's motion was brought by Abel Jack Schwartz, attorney for Debtor/Defendant. This Court does not have a Notice of Appearance for new counsel, nor does the Attorney's Statement in Support of Motion for Reopening a Closed Chapter 7 Case indicate when Mr. Schwartz was retained. Substantial prejudice would inure to the creditors, and this Court would be condoning this Debtor's ill founded tactics if the motion were granted. Debtor and his counsel at the time were noticed on all motions, settled orders, and notices of entry, thus satisfying his due process concerns. This Court finds that the Debtor had a full and fair opportunity to defend this action.

Society's motion to reopen Adversary Proceeding Number 892–8549–20 is GRANTED and Society is deemed substituted as plaintiff for the limited purpose of amending the default judgment to indicate 727 relief and settling it on notice to all creditors. An amended default judgment in compliance with this decision is to be settled within ten (10) days from the date hereof.

**SO ORDERED.**