**In re Paul A. BILZERIAN, Debtor.**

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Paul A. BILZERIAN, Defendant.**

**Bankruptcy No. 91–10466–8P7.
Adversary No. 92–635.**

United States Bankruptcy Court,
M.D. Florida, Tampa Division.

Nov. 4, 1996.

Catherine M. Shea, Washington, DC, for Plaintiff.

Paul A. Bilzerian, Tampa, FL, pro se.

**ORDER ON SECOND MOTION
TO DISMISS**

ALEXANDER L. PASKAY, Chief Judge.

This is the next and, unfortunately, not yet the last round in this long, drawn-out, ongoing feud between the SEC and Bilzerian (Debtor). The present matter under consideration is the Second Motion to Dismiss the Complaint filed in the above captioned adversary proceeding. The Complaint under consideration was originally filed on August 10, 1992, by Bicoastal, formerly known as the Singer, Co., (Bicoastal) who challenged the Debtor's right to a general discharge based on two separate grounds: (1) claiming that a transfer within one year by the Debtor of property of the estate to his wife, Terri Steffen, with intent to hinder, delay and defraud his creditors (Count I, § 727(a)(2)(A)); and (2) a claim that the Debtor committed a false oath in connection with his Chapter 7 case (Count II, § 727(a)(4)).

The present Motion is based on the Debtor's contention that the SEC has no standing to prosecute this adversary proceeding. The procedural history preceding the present Motion under consideration, is somewhat complex and a brief summary of the same should be helpful.

At the time of the commencement of this case, this Court did, pursuant to F.R.B.P. 4004 and F.R.B.P. 4007, notify all parties of interest as to the bar date set for January 24, 1992, to file complaints objecting to the Debtor's discharge and the dischargeability of a specific debt pursuant to § 523(c) of the Code. While Bicoastal did file its Complaint in a timely manner, on November 3, 1993, it also filed a Joint Motion and Stipulation for Dismissal of Complaint. The Motion was set down for hearing in due course and shortly after, this Court entered its Order on November 12, 1993, granting the Motion, with the proviso that the creditors of the Debtor have an opportunity to intervene and to prosecute the Complaint as successor Plaintiff on or before 15 days after the date of the Order.

On November 26, 1994, the SEC filed a Motion to Extend Time to File a Motion to Intervene. The Motion was initially granted by this Court and the deadline to File a Motion to Intervene was extended for all creditors to 14 days from the date of the Order disposing of the Motion for Approval of Settlement by and Between the Trustee and Terri L. Steffen, filed on November 24, 1993. The SEC timely filed its Motion to Intervene and its Complaint in Intervention Objecting to the Debtor's Discharge on February 16, 1994. On February 24, 1994, this Court entered an Order Denying the SEC's Motion to Intervene on the basis that the

SEC was not a creditor and therefore, did not have standing to intervene in the adversary proceeding originally filed by Bicoastal.

The SEC having been aggrieved ·by the Order, filed a timely Notice of Appeal. The Appeal was considered in due course and on May 15, 1995, the District Court reversed this Court's Order and remanded the adversary proceeding for further proceedings.

The District Court's Order dated May 15, 1995, held that a Plaintiff objecting to a debtor's discharge pursuant to § 727 became, in effect, the trustee of the action, and if successful, for the benefit of all creditors, citing *In re Joseph*, 121 B.R. 679, 682 (Bkrtcy.N.D.N.Y.1990).; *In re Nicolosi*, 86 B.R. 882, 889 (Bkrtcy.W.D.La.1988). The Order further stated:

> In order to preserve the benefit of a § 727 proceeding for all creditors, Rule 7041 [of the Federal Rules of Bankruptcy Procedure] allows other creditors to "step in the shoes" of the original creditor who brings a § 727 action and later abandons it. *In re Nicolosi*, at 888. Procedurally, the new creditor is substituted for the former creditor and is limited to the objections to discharge set forth in the original complaint. The Commission [SEC] should be allowed to be substituted as a party pursuant to Rule 7041.

Based on the above analysis, the District Court ruled that the SEC did indeed have standing to be considered as a creditor.

On August 10, 1995, Bicoastal withdrew its claim and no longer has an allowable claim in this Chapter 7 case. Relying on this fact, the Debtor contends that the right of the SEC to proceed with this lawsuit cannot be granted on its predecessor in interest i.e. Bicoastal, and since Bicoastal no longer has an allowable claim in this Chapter 7 case, the SEC has lost its standing.

The Debtor's reliance on the fact that Bicoastal withdrew its claim is misplaced and is of no consequence. This is so because while it is true that the right of the SEC cannot be greater than its predecessor in interest, Bicoastal, who's shoes it stepped into when it intervened, the status of Bicoastal as a creditor must be viewed when the claim was filed and not after it was withdrawn. There was never an adjudication by this court or by another tribunal that Bicoastal did not in fact have a valid allowable claim against the Debtor, and the fact that Bicoastal withdrew its claim for whatever reason has no bearing on its status as a creditor and in turn, on the right of the SEC to bring this adversary proceeding.

Accordingly it is

ORDERED, ADJUDGED AND DE-CREED that Defendant's Second Motion to Dismiss be, and the same hereby is denied.

DONE AND ORDERED.