In re Catherine **LINDSEY**, Debtor.

**BALLARD FURNITURE CO., INC., Plaintiff,**

v.

**Catherine LINDSEY, Defendant.**

**Bankruptcy No. 96–10020.
Adversary No. 96–1007M.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

April 21, 1997.

Sharron Glaze, Batesville, AR, for Plaintiff.

John Purtle, Batesville, AR, for Defendant.

### *ORDER*

JAMES G. MIXON, Chief Judge.

The issue before the Court is whether the trustee in a Chapter 7 case may be substituted as plaintiff in an adversary proceeding objecting to the Debtor's discharge when the original plaintiff has moved to dismiss the complaint and the bar date for filing objections has passed. For the reasons stated below, the motion to dismiss the complaint will be denied, and the trustee will be substituted for the original plaintiff in the action.

The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J), and the Court has Jurisdiction to enter a final judgment in the case.

#### Facts

On January 17, 1996, Catherine Lindsey (Debtor) filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code. The Court appointed James C. Luker, Esq. as trustee, and on April 10, 1996, the trustee requested and was granted an extension of time in which to object to the Debtor's discharge pursuant to 11 U.S.C. § 727 (1994). The trustee did not commence an adversary proceeding objecting to discharge within the period allotted by the Court.

Ballard Furniture Company, Inc., (Ballard), a creditor in the case, filed a complaint on April 19, 1996, objecting to the Debtor's discharge under the provisions of 11 U.S.C. § 727(a)(2)(A), 11 U.S.C. § 727(a)(3), 11 U.S.C. § 727(a)(4), and 11 U.S.C. § 727(a)(5) (1994). Ballard moved to dismiss its complaint on October 22, 1996, and in accordance with Federal Rule of Bankruptcy Procedure

7041 all creditors and parties in interest received notice of the motion to dismiss and of opportunity to object to dismissal. On November 8, 1996, the trustee timely filed an objection to the motion to dismiss and requested permission to be substituted as plaintiff in the adversary proceeding.

## Discussion

A plaintiff's motion to dismiss a complaint objecting to the debtor's discharge may not be granted unless notice is sent to the trustee, the United States trustee, and such other persons as the court may direct. Fed. R. Bankr.P. 7041. Dismissal requires an order in which the court may impose any terms and conditions it deems proper. Fed. R. Bankr.P. 7041.

The 1983 advisory committee's note to this rule explains in part why dismissal of a complaint objecting to discharge requires special treatment. Dismissal of this particular type of complaint raises concerns that the debtor may have promised or given the plaintiff an advantage to induce him to dismiss, thus allowing the debtor to receive his discharge for a consideration. *See, e.g., In re Moore,* 50 B.R. 661, 664 (Bankr.E.D.Tenn.1985) (holding that a debtor purchasing through settlement a repose from objections to discharge contravenes public policy)

Another special concern addressed by the rule and its notice requirement is that an action opposing the debtor's discharge potentially affects not only the plaintiff and the debtor but also other parties in interest. If one creditor prevails in his objection to discharge, others may then attempt to collect the unpaid balance of their claims from the debtor. Therefore, when the plaintiff files a complaint objecting to discharge under 11 U.S.C. § 727, he becomes a trustee of that action for the benefit of all creditors. *In re Taylor,* 190 B.R. 413, 416 (Bankr.D.Colo. 1995); *Hage v. Joseph (In re Joseph),* 121 B.R. 679, 682 (Bankr.N.D.N.Y.1990) (quoting *Cunningham v. Elco Distribs., Inc.,* 189 F.2d 87, 89 (6th Cir.1951)); *Peoples State Bank v. Drenckhahn (In re Drenckhahn),* 77 B.R. 697, 701 (Bankr.D.Minn.1987).

A third concern raised by a motion to dismiss an objection to discharge is that actions to deny discharge under section 727 relate not only individually to each party in interest but also generally to the bankruptcy statute's moral basis that a dishonest debtor is not entitled to a discharge. *In re Joseph,* 121 B.R. at 682. Section 727 addresses a debtor's deliberate failure to act fairly and responsibly in the context of debtor-creditor relations; such conduct results in "a more pervasive injury to bankruptcy's equitable process of adjustment of those relations." *In re Drenckhahn,* 77 B.R. at 701 (citing *In re Harrison,* 71 B.R. 457, 459 (Bankr.D.Minn. 1987)). To the extent a dishonest debtor has injured the bankruptcy process by conduct described in section 727, a dismissal of an objection to discharge leaves the injury unredressed.

Because of these special concerns with dismissal of objection to discharge, courts have permitted another party in interest, such as the trustee, to be substituted as party plaintiff to continue the prosecution of a section 727 action when the original plaintiff moves for dismissal. *Ryan v. Thomas (In re Thomas),* 178 B.R. 852, 853 (Bankr.W.D.Wash. 1995); *In re Margolin,* 135 B.R. 671, 673 (Bankr.D.Colo.1992); *Hage v. Joseph (In re Joseph),* 121 B.R. 679 (Bankr.N.D.N.Y.1990); *Russo v. Nicolosi (In re Nicolosi),* 86 B.R. 882, 889 (Bankr.W.D.La.1988) (quoting *Mazur v. Hirsch Shoe Co.,* 46 F.2d 973, 974 (5th Cir.1931)); *but see United States v. Bilzerian (In re Bilzerian),* 172 B.R. 112, 114 (Bankr. M.D.Fla.1994).

Under Rule 7041 and its case law as applied to the facts in the instant case, it is appropriate that the trustee replace Ballard as plaintiff. By adopting the allegations as set out in Ballard's complaint, the trustee will be in a position to protect the estate's interests and those of other creditors and to redress, if warranted, any injury done to the bankruptcy process.

Therefore, the motion to dismiss the complaint objecting to discharge is denied, and the trustee is substituted as plaintiff pursuant to Federal Rule of Bankruptcy Procedure 7041.

IT IS SO ORDERED.