**In re Dwight M. MORGAN and Kimberly A. Morgan, Debtors.**

**No. 02–11444 (MFW).**

United States Bankruptcy Court, D. Delaware.

March 14, 2003.

---

Jeffrey S. Welch, Esquire, Welch & Associates, Wilmington, DE, for Wilmington Savings Fund Society.

Jeoffrey L. Burtch, Esquire, Wilmington, DE, Chapter 7 Trustee.

## OPINION [1]

MARY F. WALRATH, Bankruptcy Judge.

Before this Court is a Motion of Wilmington Savings Fund Society, FSB, to Dismiss the case of Dwight M. Morgan and Kimberly A. Morgan. For the reasons that follow, we conclude that the Motion is moot.

## I. FACTUAL BACKGROUND

Dwight M. Morgan and Kimberly A. Morgan ("the Debtors") filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code on May 17, 2002. The meeting of creditors pursuant to section 341 was held on August 13, 2002. The last day to object to the Debtors' discharge was October 13, 2002. No objection to the Debtors' discharge was filed under section 523 or section 727 and no extension of time to object to the Debtors' discharge was requested or granted.

Instead, Wilmington Savings Fund Society, FSB ("WSFS") filed the instant Motion to dismiss the Debtors' case pursuant to section 707(a) on August 6, 2002. The Debtors assert that, since no timely objection to their discharge has been filed, the discharge should be granted and the motion to dismiss is moot. WSFS has alleged that its motion to dismiss should be decided before granting the discharge because the Motion "should be properly construed

Doreen H. Becker, Esquire, Holfeld & Becker, Wilmington, DE, for Debtors.

---

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

as a motion to extend the deadline for filing an objection to discharge."

## II.  *JURISDICTION*

This Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 & 157(b)(1), (b)(2)(A) & (O).

## III.  *DISCUSSION*

■ Rule 4004 (as it applies to this case) [2] provides that a discharge should be entered as follows:

In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), *the court shall forthwith grant the discharge unless:*

(A) the debtor is not an individual,

(B) a complaint objecting to the discharge has been filed,

(C) the debtor has filed a waiver under § 727(a)(10),

(D) a motion to dismiss the case under Rule 1017(e) is pending,

(E) a motion to extend the time for filing a complaint objecting to discharge is pending,

(F) a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending, or

(G) the debtor has not paid in full the filing fee prescribed by 28 U.S.C. § 1930(a) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon the commencement of a case under the Code.

Fed. R. Bankr.P. 4004(c)(emphasis added).

The general policy underlying Rule 4004 "is to make finite the creditor's opportunity to object to the debtor's discharge so as to allow the bankruptcy court to enter the chapter 7 discharge 'forthwith,' thereby fulfilling Congress's intent to provide the debtor with finality and certainty in relief from financial distress." *In re Joseph,* 121 B.R. 679, 681 (Bankr.N.D.N.Y.1990). "Rule 4004(c) provides a warning to creditors that they must be diligent in examining their available legal options and that they must meet the exceptions outlined in the Rule to prevent the Court from granting the debtors' discharge forthwith." *In re Tanenbaum,* 210 B.R. 182, 187 (Bankr. D.Colo.1997).

It is undisputed that no objection to the Debtors' discharge or a motion to extend the time to object to the Debtors' discharge was filed in this case. As none of the other enumerated exceptions apply herein, the Court is compelled to enter a discharge pursuant to Rule 4004(c).

■ Because in the Third Circuit the clear, unequivocal time limits established by the Bankruptcy Rules are strictly construed, any deviation from time limits is seldom acceptable, even if the result appears to be burdensome or harsh under the circumstances. *See, e.g., Shareholders v. Sound Radio, Inc.,* 109 F.3d 873, 879 (3d Cir.1997); *In re Brayshaw,* 912 F.2d 1255, 1257 (10th Cir.1990)("that is a matter for the drafters of the bankruptcy rules, who appear to have thought precise time limitations were important in the situation presented here").

■ In a similar case, the Court found that "nothing in the code or the rules prevents a debtor from receiving a discharge when there is a pending motion to dismiss under § 707(a) [and therefore] the mere fact the bank filed a motion to dismiss prior to debtors' discharge is not a basis to revoke the discharge if the court

**2.**  Rule 4004 has been amended as noted *infra.*

were later to dismiss the case." *In re Adams,* 203 B.R. 240, 241 (Bankr.E.D.Va. 1996). As a result, the Court denied the motion to dismiss as moot. Even where a motion to dismiss has merit, the failure to file and prosecute it before a discharge is entered renders it moot. *See, e.g., In re Budrow,* 194 B.R. 172, 175 (Bankr. W.D.Tenn.1996)("The debtors demonstrated sufficient lack of good faith in the filing of their petition to have justified dismissal of their chapter 7 petition had such a motion been filed timely under 11 U.S.C. § 707(a)").

Although not applicable to this case, Rule 4004(c) has been amended (effective December 1, 2002) to prevent a discharge if there is an outstanding section 707(a) motion to dismiss. The change is explained as follows:

> Rule 4004(c) is amended to provide that the filing of a motion under § 707 of the Bankruptcy Code to dismiss a case postpones the entry of the discharge. Currently, only motions brought under § 707(b) postpone entry of the discharge.
>
> Subdivision (c)(1)(D) is amended to provide that the filing of a motion to dismiss under § 707 of the Bankruptcy Code postpones the entry of the discharge. Under the present version of the rule, only motions to dismiss brought under § 707(b) cause the postponement of the discharge. This amendment would change the result in cases such as *In re Tanenbaum,* 210 B.R. 182 (Bankr. D.Colo.1997).

H.R.Rep. No. 107–205 (2002).

Because the amendment of Rule 4004(c) was effective after the filing of the instant case and is not applicable to cases filed before its effective date, it does not apply to this case. However, it does confirm that prior to its amendment, Rule 4004(c) did *not* provide that filing of a motion to dismiss under section 707(a) would prevent entry of a discharge. Accordingly, we conclude that the Motion to Dismiss filed by WSFS is not cause to delay entry of the discharge. The discharge will be entered and the Motion to Dismiss denied as moot.

### IV. *CONCLUSION*

For the foregoing reasons, we will enter the Debtors' discharge order forthwith and deny the Motion to Dismiss as moot.