CITY OF PHILADELPHIA, PENNSYL-VANIA, a Municipal Corporation, on Behalf of Itself and All Others Similarly Situated,

v.

MORTON SALT COMPANY, Pioneer Salt Company, Salt Service Incorporated, International Salt Company, Cayuga Rock Salt Company and Diamond Crystal Salt Company and Cargill Incorporated, State of New York, Appellant.

No. 16557.

United States Court of Appeals Third Circuit.

Argued Oct. 19, 1967.

Decided Nov. 6, 1967.

David Berger, Cohen, Shapiro, Berger, Polisher & Cohen, Philadelphia, Pa. (Herbert B. Newberg, H. Laddie Montague, Jr., Philadelphia, Pa., Louis J. Lefkowitz, Atty. Gen., for the State of New York, George C. Mantzoros, Joel A. Windman, Asst. Attys. Gen., on the brief), for appellant.

Lewis Van Dusen, Jr., Drinker, Biddle & Reath, Philadelphia, Pa. (David P. Bruton, Philadelphia, Pa., on the brief), for appellee International Salt Co.

Paul Matzko, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for appellee Salt Service Inc.

Donald Brown, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa. (Edward Gerald Donnelly, Jr., Daniel Lowenthal, Philadelphia, Pa., on the brief), for appellee Cayuga Rock Salt Co.

K. Robert Conrad, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellee Morton Salt Co.

Robert W. Sayre, Philadelphia, Pa., for appellee, Pioneer Salt Co.

Before HASTIE, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Appellant, State of New York ("New York"), appeals from a denial of its motion for leave to intervene as a plaintiff in a private anti-trust class action pending in the district court.

The action was filed in the district court on July 1, 1963, allegedly for the benefit of a class consisting, inter alia, of all other state governments similarly situated. Beginning in 1964 numerous parties were permitted to intervene and much discovery was obtained. On January 5, 1965, one of the defendants filed a motion, inter alia, to close the class. Intermittently for almost a year thereafter this motion was the subject of argument or discussion before the district court. On December 6, 1965, an argument was held on the closing issue. On December 7, 1965, the district court entered an order closing the class as of June 1, 1966. The order also provided that discovery should be terminated by the same date.

By order of February 14, 1966, the district court altered the discovery schedule so as to integrate it with discovery matters proceeding in similar litigation elsewhere. This resulted in permitting discovery beyond June 1, 1966. The order also provided that all previous orders in the case, insofar as they were inconsistent, were vacated.

The New York motion to intervene was filed on June 14, 1966. The attorney general of New York appeared as counsel thereon. At about the same date New York filed an independent action against some of the defendants in this action asserting the same claims as it here seeks to file.

After hearing argument in support of and in opposition to the motion, the district court by order dated February 1, 1967, denied New York's motion to intervene and decreed that the class was closed for all purposes as of June 1, 1966. It is this order which is the subject of the present appeal. We assume its appealability.

New York's motion alleged that it was a member of the class represented by plaintiff and that it purchased from the defendants the product (rock salt) which was the subject matter of the action; that the purchase prices were illegally increased by defendants' conspiracies; and that New York's claims involved questions of law and fact in common with those in the pending action. Although the time fixed by court order to intervene had expired before the motion was filed, the motion set forth no reasons to excuse the tardy filing. Nevertheless the argument in support of the motion invoked, as its counsel said, the exercise of the court's discretion.

New York's primary contention on this appeal from the denial of its motion is that the district court abused its discretion.

■■ We think it clear that a district court, in the exercise of discretion, may fix a reasonable terminal date for intervention. Such a power is necessary to the orderly processing of litigation, to say nothing of calendar control. New York does not suggest that the date here fixed was unreasonably short. Indeed, we think it could not be so found. In these circumstances we think the moving party had the burden of advancing persuasive grounds for causing the court to waive the date fixed for permitting intervention in the action.

■ From a reading of the transcript of the argument before the district court on the motion we think the only ground advanced by New York's counsel was that New York had made a policy decision at some point not to participate in the present action. Implicit in this argument of course is a recognition of the

**124**

existence of the action. Thereafter New York, it was said, changed its policy and decided to intervene, but because of delays in implementing that policy it permitted the time period to expire. Certainly this ground alone would not justify a finding that the district court abused its discretion in denying the untimely intervention. The procedures and provisions fairly established by our courts are binding on public as well as private litigants.

If we consider New York's motion more broadly, it appears in no better position. New York's principal law officer, its attorney general, was chargeable with knowledge of the action. In fact an investigation was instituted by the attorney general of New York in 1960. In addition, the attorney general's name appeared on a timely intervention in this action by the New York Thruway Authority. Once it is concluded, as we have found here, that the closing date was reasonable, the burden was on New York to offer some reasonable excuse for its delay. This it did not do and so we need not delve into the possible prejudice to any of the defendants which might arise from the granting of the motion. In the total setting we cannot find that it was an abuse of discretion for the district court to deny the motion.

New York argues that the district court's order of February 14, 1966, amending the discovery schedule also, by implication, voided the date fixed for closing the class. We cannot so read it.

New York also argues that it was entitled to intervene as a matter of right under F.R.Civ.P. § 24(a) (2). This argument was not advanced below. But assuming that the matter is properly before us and further assuming that New York's claim is within the cited portion of the rule, the provision requires "timely application." As indicated, we think the district court in effect properly and necessarily held that the application was not timely.

We find no error in the judgment below and it will be affirmed.