In re George W. and Ellen E. LOW, Debtors.

MANHATTAN LIFE INSURANCE COMPANY, Plaintiff,

Ann M. Kerns, Applicant for Intervention,

v.

George W. LOW, Jr., Defendant.

Bankruptcy No. 8000186.
Adv. No. 8000141.

United States Bankruptcy Court, D. Rhode Island.

Feb. 20, 1981.

Bennett R. Gallo, Gunning, LaFazia & Gnys, Inc., Providence, R. I., for plaintiff.

Thomas A. Lynch, Providence, R. I., for applicant for intervention.

J. Joseph Nugent, Jr., Nugent & Nugent, Providence, R. I., for defendant.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court are: (I) Manhattan Life Insurance Company's motion for leave to amend its complaint, which seeks a determination of the dischargeability of a debt allegedly owed to it by the defendant,[1] and (II) Ann M. Kerns' motion to intervene in this case.

I

The relevant facts, largely undisputed, are as follows: George Low is an independent insurance broker who had acted as an agent for Manhattan. On March 20, 1980, George and Ellen Low filed joint Chapter 7 bankruptcy petitions with this Court, and Manhattan filed a timely complaint requesting that a debt owed to it by George Low be declared non-dischargeable pursuant to 11 U.S.C. § 523. This debt, Manhattan asserts, arose out of the misappropriation of $20,000 received by Low, as agent for Manhattan, from one Russell T. Wood. It is further alleged that after defalcation by the defendant, Manhattan reimbursed Wood in full and now, as Wood's assignee, seeks recovery from the defendant.

There is confusion as to the dates of service of the defendant's answer to the original complaint, and Manhattan's amended complaint which seeks to add a second claim arising from the defendant's alleged misappropriation of $50,000 due Ann Kerns, also during his agency relationship with Manhattan. Manhattan maintains that this debt is owed to it either in its own right, or as the assignee of Ann Kerns. The answer to the original complaint was received in the bankruptcy clerk's office on July 1,

1980. The amended complaint was received on July 2, 1980. These items probably "crossed" in the mail. The defendant maintains that its responsive pleading cut off Manhattan's right to amend its complaint without leave of court, and that the amended complaint should be stricken.

■ Rule 15(a) of the Federal Rules of Civil Procedure allows a party to "amend his pleading once as a matter of course at any time before a responsive pleading is served." "[S]ervice by mail is complete upon mailing." F.R.C.P. 5; Bankr. Rule 906. Neither party has provided the Court with any evidence regarding the time that either pleading was mailed. Because both attorneys in this dispute have offices within two blocks of this Court and within the same zip code area, the Court will presume that the item received first was mailed first. Accordingly, the Court finds that the responsive pleading was "served" before the amended complaint, and that therefore the amended complaint cannot be allowed without leave of court.

■ Rule 15(a) advises that leave to amend pleadings should be freely given when justice so requires. The defendant makes no claim that he would be legally prejudiced by the proposed amendment. The claim sought to be added certainly is not one that should take the defendant by surprise, because a proof of claim was filed on Ann M. Kerns' behalf on July 23, 1980, more than a week before service of the amended complaint. Against this background, coupled with the crossing in the mail of the two pleadings, Manhattan should be given leave to amend its complaint.

■ The defendant argues that because Manhattan's motion for leave to amend purports to add a new claim after the July 2 deadline for filing complaints to determine dischargeability,[2] the amendment

1. The Debtors filed a motion for entry of an order "dismissing and/or disallowing the Amended Complaint." The Court will treat that motion as an objection to Manhattan's motion for leave to amend its complaint.

2. An order of the Court dated March 25, 1980, pursuant to Bankruptcy Rule 409(a)(2), provided that, inter alia, "July 2, 1980 is fixed as the last day for the filing of a complaint to determine the dischargeability of any debt pursuant

should not be allowed. Manhattan did, however, take timely affirmative action when it sought to amend its complaint by July 2, and was acting on the assumption that its amendment would be allowed "as a matter of course." It is also clear that the defendant had notice of the substance of the amended complaint, and that the discharge of the debt arising out of his dealings with Ann Kerns was to be contested. The motion for leave to amend will also be treated as an application under Bankruptcy Rule 906(b)(2) [3] for an enlargement of time within which Manhattan is permitted to file a claim pursuant to § 523 of the Code, and because Manhattan's failure to act within the specified period was the result of "excusable neglect," the same is granted.

## II

 On July 11, 1980, Ann M. Kerns filed a motion to intervene in this action on the ground "that her interest [was] not adequately represented by existing parties." Rule 24 of the Federal Rules of Civil Procedure allows intervention "upon timely application, and whether such an application is timely is directed to the discretion of the court. *National Association for the Advancement of Colored People v. New York*, 413 U.S. 345, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). Timeliness should be determined based upon all the circumstances. *Id.; City of Philadelphia v. Morton Salt Co.*, 385 F.2d 122 (3d Cir. 1967), *cert. den.*, 390 U.S. 995, 88 S.Ct. 1195, 20 L.Ed.2d 94 (1968).

At any time prior to July 2, 1980, Kerns could have filed her own complaint seeking a determination of the dischargeability of this debt, in order to protect the interests she now claims are not adequately protected, but she offers no reason for her failure to act before that time. This motion to intervene is no more than a belated attempt to circumvent the July 2 deadline. Except in unusual circumstances, compliance with filing deadlines is strictly enforced under the bankruptcy law.[4] The instant motion is filed too late.

As stated above, July 2 was the deadline set by the Clerk of this Court, pursuant to Bankruptcy Rule 409(a)(2), for the filing of complaints to determine the dischargeability of debts in this proceeding. That rule provides that the time set shall not be less than 30 days nor more than 90 days after the first date set for the first meeting of creditors. The first meeting of creditors was held on April 9, 1980. The deadline set by the Clerk was 84 days after this meeting. Kerns took no action to challenge dischargeability until July 11, 93 days after the first meeting of creditors. Not only was the motion filed after the deadline set by the Clerk, but it also was beyond the maximum time allowable for such a filing under Bankruptcy Rule 409(a)(2). Unlike Manhattan's motion for leave to amend, the Kerns' motion presents inappropriate circumstances for an extension of time under Bankruptcy Rule 906(b). There was no effort to comply with the original deadlines as there was in Manhattan's complaint, and the movant has offered no evidence of excusable neglect.

For the foregoing reasons, Manhattan Life Insurance Company's motion for leave to amend is granted, and the motion to intervene filed by Ann M. Kerns is denied.

---

to 11 U.S.C. § 523(c)." Rule 409(a)(2) states that

> The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to [§ 523] of the [Code]. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors....

3. Bankr. Rule 906(b) states, in part, that "the court for cause shown may ... (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect...."

4. The expeditious and economical administration of bankruptcy estates has frequently been recognized as a chief purpose of the bankruptcy laws. *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 471, 15 L.Ed.2d 391 (1966); *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 346–47, 22 L.Ed. 636 (1874).