In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-1327

STANLEY LIGAS, by his sister and
next friend Gina Foster, et al.,

*Plaintiffs-Appellees*,

*v.*

BARRY S. MARAM, et al.,

*Defendants-Appellees*,

ANNE GOLDEN, by her father and
guardian, Samuel Golden, et al.,

*Proposed Intervenors-Appellants.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 4331—**James F. Holderman**, *Chief Judge.*

ARGUED OCTOBER 30, 2006—DECIDED FEBRUARY 15, 2007

Before EASTERBROOK, *Chief Judge*, and KANNE and
WILLIAMS, *Circuit Judges*.

KANNE, *Circuit Judge.* The appellants are the representatives of a number of developmentally disabled people who were worried that they might have been unwilling members of a proposed class in a lawsuit filed under the Americans with Disabilities Act. Fearing that the remedy being sought by the plaintiffs was contrary to their wishes, they sought to intervene. The plaintiffs and defendants

opposed the intervention, and the district court denied the petition. The intervenors appeal that decision, and we affirm.

## I. BACKGROUND

This case arises in the context of a much larger debate over the proper way to provide care for the developmentally disabled. *See generally Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999). For some, institutionalized care is the best plan, while others are best served by integration into the community. *Id*. What might otherwise seem to be a question to be left to local health care officials, patients, their families, and their doctors now takes on a federal significance by operation of the Americans with Disabilities Act (ADA), among other legislation. *Id*.

*Olmstead* established that it is a violation of the ADA to force developmentally disabled patients to reside in institutionalized settings when they are able to live more fully integrated into society at large and do not oppose doing so. *Olmstead*, 527 U.S. at 597-602. But with three dissenters and multiple concurrences, including a swing vote that joined in only part of the opinion, *Olmstead* has left the exact route to implementing this integration mandate somewhat murky.

With this background, the current suit was brought on behalf of a number of developmentally disabled people to hasten the state of Illinois down the road to community-based care. In addition to plaintiff-specific relief, the plaintiffs sought to certify a class and to require the state to provide community-based care for those class members. The class would have consisted of those who live in institutions, or are at risk of living in institutions, and who could live in the community.

There were, however, some potential members of that proposed class who did not want to live in community-based care. Enter the proposed intervenors: representatives of patients who could live in the community but do not want to, preferring instead to remain in institutional care. Worrying that they were about to become members of a class that would be forced to live in community-based care if the plaintiffs succeeded, the Golden Intervenors[1] sought to ensure that the disabled would still retain a choice in where they lived.

The Golden group petitioned the district court to grant intervention as of right under FED. R. CIV. P. 24(a), or, failing that, permissive intervention under FED. R. CIV. P. 24(b)(2). The plaintiffs and defendants opposed the petition to intervene and the district court denied the petition on December 22, 2005, a decision that the proposed intervenors now appeal.

## II. ANALYSIS

### A. Intervention as of Right

A party may seek intervention as of right if the party has "an interest" and is "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2). This court has determined that intervention as of right is required only where parties "establish[ ] that: (1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the . . . action; (3) disposition of the

---

[1] There were originally three groups of proposed intervenors. The only group that appeals the decision of the district court is the Golden group, named after one of the individuals.

action threatens to impair that interest; and (4) the [parties] fail to represent adequately their interest." *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003). A failure to establish any of these elements is grounds to deny the petition. *Id*. With the exception of timeliness, which is reviewed for abuse of discretion, the elements are reviewed *de novo* on appeal. *Id*.

Much of this dispute now centers on whether the Golden group met its burden of proof on the third and fourth elements. The parties do not dispute that the petition was timely. We will assume without deciding that the Golden group has an interest related to the subject matter of the action.[2] The questions, then, are whether the action threatens to impair that interest and whether the parties fail to represent those interests adequately. We conclude, as did the district court, that Golden has not met its burden with respect to the third or fourth elements.

The appellants argued in the district court that the impairment to their interests stems from the proposed relief that the plaintiffs sought: a permanent injunction "requiring Defendants promptly to provide eligible Plaintiffs and class members with appropriate services sufficient to allow them to live in the most integrated setting appropriate to their needs." Compl. for Decl. and Inj. Relief. at 29; Appellee's Br. at 17. The intervenors' argument below was that this language would leave them no

---

[2] The appellees make a cursory and fragmented argument that the Golden group has no legally recognizable interest in the right to live in institutional settings, citing a decision from the Western District of Pennsylvania. See *Richard C. ex rel. Kathy B. v. Houston*, 196 F.R.D. 288 (W.D. Pa. 1999), *aff'd sub nom. Richard C. v. Snider*, 229 F.3d 1139 (3d Cir. 2000) (unpublished order).

ability to choose to remain in institutional care if they were eligible for community-based care. The district court considered this argument in light of the language of the complaint and concluded that this interest could not be impaired by the relief sought by the complaint. We agree.

As the district court correctly noted, the complaint is "replete with language on choice." Nothing in the complaint, either on its face or as correctly construed by the district court, would require the state to force those who desire institutional care to move out. For example, the complaint alleges that the law requires the state to "offer persons . . . a choice between institutional and community services." Compl. for Decl. and Inj. Relief ¶ 7. It alleges that the state "defendants do not provide plaintiffs or class members the choice between institutional or community settings." *Id.* ¶ 115. If the plaintiffs succeed in class certification and win on the merits, the relief that they seek would only require that Illinois provide that which (they allege) it does not currently provide: the existence of appropriate services tailored to the needs of the individual.

The district court also considered the question of whether the existing parties were able to adequately represent the Golden intervenors' interests. Finding that the inadequacy was "at best speculative, and at worst conclusory," the court held that the fourth element of the test for intervention as of right was not met. We agree.

A party seeking intervention as of right must only make a showing that the representation "may be" inadequate and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). However, when the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately

represent their interests unless there is a showing of gross negligence or bad faith. *United States v. South Bend Cmty. Sch. Corp.*, 692 F.2d 623, 627 (7th Cir. 1982); *United States v. Bd. of Sch. Comm'rs of Indianapolis*, 466 F.2d 573, 575-76 (7th Cir. 1972).

The defendants are the Director of the Illinois Department of Health and Family Services and the Secretary of the Illinois Department of Human Services in their official capacities. Compl. ¶ 12-15. Both the defendants and the proposed intervenors admitted in their pleadings that the defendants are responsible for administering the Illinois Medicaid and developmental disabilities programs. The intervenors have made no effort to show gross negligence or bad faith on the part of the state defendants, and have therefore not overcome the presumption that the defendants, as governmental bodies charged with protecting the interests of the proposed intervenors, will provide adequate representation.

Nevertheless, the district court recognized that the proposed class could be narrowed somewhat to avoid the perception that the intervenors would be pulled along with the plaintiffs down the road to community-based care. The court had previously dismissed the plaintiff's motion for class certification until the intervention question had been properly aired. In its denial of the petition to intervene, the district court encouraged the plaintiffs (if they were to seek renewed class certification) to more narrowly tailor their proposed class to "those who desire to be placed in community settings." Between the denial of the petition to intervene and the filing of this appeal, the plaintiffs renewed their motion for class certification. The language of the new proposed class was changed to those "who would not oppose community placement."

On this appeal, the Golden group makes much ado about the distinction between those who would "desire"

and those would "not oppose." We believe that this is a distinction without a difference, at least as it relates to the Golden intervenors under the facts of this case. The language in the new proposed class is taken verbatim from the Supreme Court's controlling precedent. *See Olmstead*, 527 U.S. at 587 (transfer appropriate where it "is not opposed by the affected individual"); *id.* at 603, ("neither woman opposed such treatment"); *id.* at 607 ("the affected persons do not oppose such treatment"). Either formulation of the class would require an inquiry into the mental state of the proposed class members, the appropriateness of which we will not judge here because it is beyond the scope of this appeal. Yet we believe that in this case, where the plaintiff seeks only that the class members be given a choice in living conditions, the distinction does not raise any new concerns about the impairment of the intervenors' interests or the adequacy of the state's representation of their interests that was not already addressed by the district court or in our analysis above.

## B. *Permissive Intervention*

The Golden group also sought permissive intervention under FED. R. CIV. P. 24(b). Permissive intervention is within the discretion of the district court where the applicant's claim and the main action share common issues of law or fact and where there is independent jurisdiction. *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). The Golden group devoted little more than a paragraph to this argument in the district court, noting three areas of common fact or law. The district court acknowledged that the groups sought both permissive intervention and intervention as of right, but in ruling to deny intervention the district court did not separately analyze the requests under FED. R. CIV. P. 24(a) and 24(b), it simply denied the various intervening groups' petitions to intervene.

We review a district court's denial of leave to intervene under FED. R. CIV. P. 24(b) for abuse of discretion. *Sokaogan Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). In arguing for permissive intervention, the Golden group raised three areas of common fact or law. Two were related to the class action: "whether class action treatment is appropriate [and] and whether community care is desirable for all of the class members." Golden Memo at 10. They also questioned "whether the state's system of providing care for the developmentally disabled should be overhauled to favor community care at the expense of ICF-DDs[Intermediate Care Facilities for the Developmentally Disabled]." *Id.* In light of the district court's dismissal of the proposed class certification, and its instructions to the plaintiffs to ensure that parties such as the Golden group not be included in a future request to certify a class, the first two claimed areas of common law or fact were not relevant to the district court's analysis.

The district court's extensive consideration of the issues of impairment and adequate representation puts the other common question of fact or law to rest as well. The court clearly indicated that the main action involved giving each disabled person in Illinois the integration options mandated by *Olmstead*, not any effort to "favor community care at the expense of ICF-DDs." Although the district court did not explicitly break out its reasoning on the rule 24(b)(2) and rule 24(a) motions, the decision shows a thorough consideration of the interests of all the parties and concludes by denying the intervenors' motions *in toto*. This does not rise to the level of an abuse of discretion. *See, e.g.*, *United States v. Perry County Bd. of Educ.*, 567 F.2d 277, 280 (5th Cir. 1978) (finding no abuse of discretion in the context of a denial of permissive intervention where the district court issued a one-

sentence order, held no evidentiary hearing, and made no finding of facts).

*C. Conditional Intervention*

The Golden group also asks this court to "allow" the Golden intervenors conditional intervention subject to a future showing that the state defendants are not adequately representing their interests. *See Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 508-09 (7th Cir. 1996). Because the district court was never given an opportunity to consider this argument, it is forfeited on this appeal. *See Andy's Rest. & Lounge, Inc. v. City of Gary*, 466 F.3d 550, 556-57 (7th Cir. 2006).

### III. CONCLUSION

Accordingly, the decision of the district court denying the petition to intervene is AFFIRMED.

A true Copy:

       Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*
