**In re Norman Paul WEXLER, Debtor.**

**City of Chicago, Plaintiff,**

**v.**

**Norman Paul Wexler, Defendant.**

**Bankruptcy No. 11 B 9227.**

**Adversary No. 12 A 338.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Aug. 6, 2012.

Esther E. Tryban Telser, Department of Law, City of Chicago, Chicago, IL, for plaintiff City of Chicago.

Richard N. Golding, Jonathan D. Golding, The Golding Law Offices, PC, Chicago, IL, for Defendant Norman Paul Wexler.

Bruce de'Medici, Oak Park, IL, for Chapter 7 Trustee David R. Herzog.

## MEMORANDUM OPINION

A. BENJAMIN GOLDGAR, Bankruptcy Judge.

This matter is before the court for ruling on the amended motion of chapter 7 trustee David R. Herzog to intervene as a plaintiff in the City of Chicago's adversary proceeding against debtor and defendant Norman Wexler. For the reasons that follow, the motion will be denied.

### 1. Background

The following facts, mostly procedural, are drawn from the parties' papers, the court's docket, and the docket of the United States Bankruptcy Court for the Southern District of Florida (of which the court can take judicial notice, see *520 S. Michigan Ave. Assocs., Ltd. v. Shannon,* 549 F.3d 1119, 1137 n. 14 (7th Cir.2008)). No facts are in dispute.

On September 8, 2010, debtor Norman Wexler ("Wexler") filed a chapter 7 bankruptcy case in the Southern District of Florida. An interim trustee, Leslie Osborne, was appointed. The initial deadline for parties to object to Wexler's discharge under section 727 of the Bankruptcy Code, 11 U.S.C. § 727, was December 20, 2010. The deadlines for particular parties changed, however, as those parties moved to extend them. Osborne's deadline was extended to January 14, 2011. The deadline for the City of Chicago ("the City"), a creditor, was also extended to January 14, 2011, then to February 18, 2011, and then to March 21, 2011.

On February 11, 2011, the bankruptcy case was transferred to the Northern District of Illinois, and a new chapter 7 trustee, David R. Herzog (the "trustee") was appointed. The City moved for several additional extensions of its deadline to file a complaint objecting to Wexler's discharge and eventually filed a timely complaint on February 28, 2012. The deadline for the trustee, however, was never extended beyond the January 14, 2011 date, and the trustee filed no complaint objecting to Wexler's discharge before the January 14 deadline passed.

The trustee now moves to intervene as a plaintiff in the City's adversary proceeding against Wexler. The City supports the motion. Wexler opposes it. The motion is fully briefed and ready for ruling.

### 2. Discussion

The trustee will not be permitted to intervene. Rule 24 of the Federal Rules of Civil Procedure authorizes two kinds of intervention, intervention "of right" and "permissive intervention." Fed.R.Civ.P. 24 (made applicable by Fed. R. Bankr.P. 7024). The trustee asserts that he can intervene as a matter of right under Rule 24(a), and that at a minimum he should be permitted to intervene under Rule 24(b).

But intervention as a matter of right is not an option because no federal statute grants the trustee the unconditional right to intervene, and his request to intervene is untimely in any event. Because the request is untimely, permissive intervention also is not an option. The motion to intervene will therefore be denied.

### a. Intervention of Right

#### i. No Unconditional Statutory Right

■ The trustee is not entitled to intervene as of right. Under Rule 24(a), a party may intervene as a matter "of [r]ight" provided the party either (1) is given "an unconditional right to intervene by a federal statute," or (2) claims an interest that may be impaired by the disposition of the pending action and is not adequately represented by the parties. Fed.R.Civ.P. 24(a)(1), (2). The proposed intervenor bears the burden of showing that one of these requirements is met. *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir.2002).

■ In this case, the trustee relies on Rule 24(a)(1), asserting that a federal statute gives him an unconditional right to intervene. The trustee contends that section 323 of the Bankruptcy Code confers such a right. That section, however, merely provides that a trustee in a bankruptcy case "is the representative of the estate" and "has capacity to sue and be sued." 11 U.S.C. § 323(a), (b). It says nothing whatever about intervention, let alone intervention in an adversary proceeding to object to a debtor's discharge under section 727(a). Nor does the Trustee's role as the estate's representative somehow imply an unconditional right to intervene, as the trustee urges. An unconditional right to intervene must be express, not implied. *See* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1906 at 279–80 (3d ed. 2007) (noting that courts are hesitant to find an unconditional right

of intervention when statutory language is less than clear).

When Congress wants to confer an unconditional right to intervene, it knows how to do so. Many federal statutes explicitly confer such a right. *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1286 & n. 5 (5th Cir.1985); *see, e.g.*, 29 U.S.C. § 1132(h) (entitling Secretaries of Labor and the Treasury to intervene in certain ERISA proceedings); 42 U.S.C. § 2000h–2 (entitling Attorney General to intervene in an action alleging a violation of the fourteenth amendment to the Constitution). Congress also knows how to confer on a bankruptcy trustee a statutory right to intervene. *See, e.g.*, 26 U.S.C. § 7464 ("The trustee of the debtor's estate in any case under [the Bankruptcy Code] may intervene, on behalf of the debtor's estate, in any proceeding before the Tax Court to which the debtor is a party."). It has not done so in section 323 of the Code.

Without an unconditional statutory right to intervene, the trustee's motion to intervene as of right in the City's adversary proceeding must be denied.

#### ii. Untimely Motion

Even if the trustee had met the requirements of Rule 24(a), his motion would have to be denied as untimely. The motion was brought long after the deadline for objections to discharge had passed.

■ Rule 24 states that intervention can only be granted "[o]n timely motion." Fed. R. Civ. P. 24(a), (b). Timeliness in this context "is not a word of exactitude or of precisely measurable dimensions." *City of Bloomington, Ind. v. Westinghouse Elec. Corp.*, 824 F.2d 531, 534 (7th Cir. 1987) (internal quotation omitted). It depends on "all the circumstances" of a case, *id.* (internal quotation omitted), though several factors typically guide a court's

analysis: "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice to the original party caused by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any unusual circumstances." *Heartwood, Inc. v. U.S. Forest Serv.*, 316 F.3d 694 (7th Cir.2003).

■ Here, the trustee's motion was not timely by a good margin. The deadline for the trustee to object to Wexler's discharge was January 14, 2011. The trustee did not move to intervene in the City's action until May 4, 2012, well over a year later. If the trustee's motion were granted, it would allow him to avoid the deadline in Rule 4004. That deadline exists to protect the debtor, *In re Kontrick*, 295 F.3d 724, 732 (7th Cir.2002), and letting a latecomer join forces with another plaintiff would sidestep the protections of the Rule. For this reason, bankruptcy courts have uniformly rebuffed late efforts to intervene in an adversary proceeding objecting to a debtor's discharge. *See, e.g., Klaas v. Donovan (In re Donovan)*, 411 B.R. 756, 765–66 (Bankr. S.D.Fla.2009); *Hage v. Joseph (In re Joseph)*, 121 B.R. 679, 683 (Bankr.N.D.N.Y. 1990); *Zoltanski v. Zyndorf (In re Zyndorf)*, 44 B.R. 77, 78–79 (Bankr.N.D.Ohio 1984); *Manhattan Life Ins. Co. v. Low (In re Low)*, 8 B.R. 716, 719 (Bankr.D.R.I. 1981).

In support of his motion, the trustee argues that he would be entitled to substitute as plaintiff in the adversary proceeding if the City settled its claim against Wexler. Therefore, he appears to reason, he might as well be allowed to intervene now.

The trustee confuses intervention with substitution. As one bankruptcy court recently observed in addressing the same argument: "Whether a party can be procedurally added as a plaintiff is unrelated to whether a [party] can be equitably substituted for an original plaintiff. Further-

more, because the purpose of substitution is to ensure adjudication of a claim when the original plaintiff abandons its claim, it does not serve as a basis to add a plaintiff." *Donovan*, 411 B.R. at 767.

■ The trustee is right, of course, that a new plaintiff can be substituted when an adversary proceeding involving an objection to discharge is dismissed. *See* L.R. 7041–1(a)(A), (B); *Cantwell & Cantwell v. Vicario*, 464 B.R. 776, 784–85 (N.D.Ill. 2011). But that does not make it appropriate to add a plaintiff before the original plaintiff has left the scene. *See In re McKissack*, 320 B.R. 703, 724 (Bankr. D.Colo.2005) ("So long as the original plaintiff remains in the case to pursue its complaint, a motion for intervention … is premature."). To the contrary, the City's presence as a plaintiff, coupled with the trustee's ability to substitute as plaintiff if the City withdraws, means that denial of intervention poses no risk to the trustee. *See Donovan*, 411 B.R. at 766 (noting that the prejudice a proposed intervenor faced was "slight" because the intervenor would "reap the same benefits" if the plaintiff succeeded but could substitute if the plaintiff withdrew).

Finally, the City complains that the trustee never had a chance to object to Wexler's discharge because the deadline expired before he was appointed. Not so. Trustee *Osborne* had the full period permitted under Rule 4004 to object—and then some, since he sought and received an extension. That his successor, Trustee *Herzog*, was appointed after the deadline had expired is of no moment. The City cites no authority for the proposition that the appointment of a successor trustee somehow revives rights under the Code or Rules that have otherwise expired and starts the clock running again. The point of the deadline in Rule 4004, it bears repeating, is the protection of the debtor, not

the protection of the creditors or the trustee. Switching trustees in the middle of the case should not deprive the debtor of that protection.

Because the trustee's intervention motion was brought after the deadline to object to discharge passed, it is untimely. For this reason as well, he cannot intervene as of right.

### b. Permissive Intervention

 The trustee is also not entitled to permissive intervention. When intervention of right is not an option, a party may still be permitted to intervene under Rule 24(b)(1). To do so, one of two conditions must be met (unless a federal or state government officer or agency is involved): (1) the party must have a conditional right to intervene under a federal statute, or (2) the party must have a claim or defense that shares a common question of law or fact with the pending action. Fed.R.Civ.P. 24(b)(1). Whether to permit intervention under Rule 24(b)(1) is left to the trial court's discretion. *Ligas ex rel. Foster v. Maram,* 478 F.3d 771, 776 (7th Cir.2007).

 The trustee here cannot intervene under Rule 24(b)(1), not because these requirements are lacking (although there is no federal statute giving the trustee a conditional right to intervene here), but because the motion is untimely. The same timeliness standard applies to requests for permissive intervention as to requests for intervention of right. *See* Fed.R.Civ.P. 24(a), (b). An untimely motion to intervene will foreclose relief under either provision of the Rule. *See, e.g., Reid L.,* 289 F.3d at 1020; *Vollmer v. Publishers Clearing House,* 248 F.3d 698, 707 (7th Cir. 2001). Because his motion was untimely, the trustee cannot intervene on a permissive basis any more than he can intervene as a matter of right.

### 3. Conclusion

For these reasons, the amended motion of chapter 7 trustee David R. Herzog to intervene is denied.